1  KELLY RANDLE
   FRED MITCHELL
2  1579 CEDARSPRING DR
   HEMET, CA 92545
3  (951) 306-2944 (Phone)
   team@xt@gmail.com
4  NO FAX
   *Defendants/In Pro Per*

5
                    UNITED STATES DISTRICT COURT
6
                    CENTRAL DISTRICT OF CALIFORNIA
7
                    EASTERN DIVISION - RIVERSIDE
8

9  LNV CORPORATION,                    ED  CV.13 - 02180
                                       Case No.:
10          Plaintiff,
                                       [Riverside County Court Case No.
11     vs.                             HEC1301601]

12                                     **DEFENDANTS' NOTICE OF REMOVAL;**
   KELLY L. RANDLE;
13 FRED MITCHELL, and Does 1 through X  **PURSUANT TO:**
   inclusive                          **(1) 15 U.S.C. § 1692k (FAIR DEBT**
14                                     **COLLECTIONS PRACTICES ACT);**
            Defendant(s).             **(2) 28 U.S.C § 1331 (FEDERAL**
15                                     **QUESTION);**
                                       **(3) 28 U.S.C. § 1367(a) (SUPPLEMENTAL**
16                                     **JURISDICTION);**
                                       **(4) 28 U.S.C. § 1441(a) (REMOVAL OF**
17                                     **CIVIL ACTIONS)**

18

19 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20     **PLEASE TAKE NOTICE** that defendants Kelly L. Randle and Fred Mitchell

21 (collectively, "Defendants"), hereby remove this action from the Superior Court of the State of

22 California in and for the County of Riverside (Case No. HEC 1301601), to the United States

23 District Court for the Central District of California, Eastern Division – Riverside, and in support

24 thereof, respectfully shows the Court as follows:

25                         **STATEMENT OF THE CASE**

26     1.  On June 7, 2013, an action entitled <u>LNV CORPORATION v. KELLY L. RANDLE,</u>

27 <u>AND FRED MITCHELL, and Does 1 through X inclusive</u> was commenced in the Superior

28 Court of the State of California in and for the County of Riverside (Case No. HEC 1301601).



1    2.   Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders

2   served upon or received by Defendants in this lawsuit (Riverside Superior Court Case No. HEC

3   1301601) is attached as Exhibit A.

4    3.   Plaintiff is a CITIZEN of Nevada; Defendants are CITIZENS of California.

5    4.   It is apparent from the face of the complaint that Plaintiff is a debt collector

6   attempting to collect an alleged debt of money and property, and employs a law firm that is also

7   a debt collector that routinely collects debts on behalf of others similarly situated to Plaintiff.

8   Rent is a debt as is well-established by law. *See* Code of Civil Procedure § 437c(r).  Plaintiff

9   sued Defendants to collect an alleged debt of daily rent and possession of real property whilst

10   employing a multitude of illegal practices in violation of the Consumer Credit Protection Act (15

11   U.S. C. 1601 et. Seq [Fair Debt Collection Practices Act]).  For example, Plaintiff sued

12   Defendants for an alleged debt without ever informing Defendants of the alleged debt in other

13   written correspondence with Defendants. Therefore, this is a "debt collection" action and both

14   Plaintiff and Plaintiff's law firm are debt collectors.

15    5.  Discovery is closed in this action in the Superior Court of the State of California in

16   and for the County of Riverside (Case No. HEC 1301601).  For example, this State Court action

17   is a Summary Proceedings for debt collection. Plaintiff served Defendants with an unlawful

18   detainer complaint in an attempt to collect an alleged debt. Defandants answered the complaint

19   accordingly and rejected the validity of the debt insofar as possible due to limitations imposed by

20   the very nature of summary proceedings. Defendants timely propounded interrogatories on

21   Plaintiff and Plaintiff partially answered.   At the request of Plaintiff, the court set a court trial

22   date and the court trial date is within less than five days from the date of this Notice of Removal.

23   Plaintiff did not seek its own discovery when discovery was available, and therefore the window

24   for discovery in the state court action has closed as a matter of law. *See* California Code of Civil

25   Procedure § 2024.040;

26              *"(b)This chapter does not apply to either of the following:*

27                   *(1)Summary proceedings for obtaining possession of real property*

28                   *governed by Chapter 4 (commencing with Section 1159) of Title 3*

DEFENDANTS' NOTICE OF REMOVAL

1                        *of Part 3. Except as provided in Sections 2024.050 and 2025.060,*

2                        *discovery in these proceedings shall be completed on or before the*

3                        *fifth day before the date set for trial."*

4    *See also* California Code of Civil Procedure § 2024.020;

5                        *"(b)Except as provided in Section 2024.050, a continuance or*

6                        *postponement of the trial date does not operate to reopen*

7                        *discovery proceedings."*

8       6. No further proceedings have occurred in the Superior Court of the State of California

9 in and for the County of Riverside (Case No. HEC1301601) as of the date of the filing of this

10 Notice of Removal.

11       7. Venue is proper pursuant to 28 U.S.C. § 1391b(1)(2) because the action was pending

12 in Riverside County Superior Court.

13                                 **JURISDICTION**

14       8. This action is a civil action of which this Court has original jurisdiction pursuant to

15 15 U.S.C. § 1692k(d), and, accordingly, is removable because:

16                • "[a]n action to enforce any liability created by this title may be brought

17                   in any appropriate United States district court without regard to the

18                   amount in controversy...";

19                • Pursuant to 15 U.S.C. § 1692a(6), Plaintiff and Plaintiff's counsel are

20                   debt collectors in that "[t]he term "debt collector" means any person

21                   who uses any instrumentality of interstate commerce or the mails in

22                   any business the principal purpose of which is the collection of any

23                   debts, or who regularly collects or attempts to collect, directly or

24                   indirectly, debts owed or due or asserted to be owed or due

25                   another...";

26               • Plaintiff routinely purchases defaulted notes to real property for

27                   pennies on the dollar and then institutes foreclosure proceedings and

28                   eviction proceedings to collect the full amount of the debt originally

DEFENDANTS' NOTICE OF REMOVAL

owed on the notes. *See* Ruth v. Triumph Partnerships, 577 F.3d 790 (7th Cir. 2009);

- Plaintiff's counsel even lists itself as a debt collector on its own website and solicits for clients such as Plaintiff. *See* http://www.mileslegal.com/firm-overview/;

- District Courts nationwide have explained that it is "now well-settled that an attorney who, acting on behalf of a creditor, regularly engages in consumer debt collection activities through litigation is a "debt collector" under the FDCPA.";

- Several recent federal cases have held that unpaid rent is a "debt" under the FDCPA. The U.S. Supreme Court, Second Circuit and Third Circuit further underscored the significance and applicability of the FDCPA to attorneys who regularly collect debts for a third party, and against those businesses that regularly buy up notes for the sole purpose of debt collection through foreclosures and evictions;

- Plaintiff has ongoing litigation and multiple lawsuits for foreclosure and post foreclosure evictions throughout the Ninth Circuit and in California's Superior Courts. *See* Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Crossley v. Lieberman, 868 F.2d 566 (3d Cir.1989); Romea v. Heiberger & Associates, 163 F.3d 111 (2d Cir.1998);

- Pursuant to 28 U.S.C. § 1441(a) "…any civil action brought in a State court of which the district courts of the United States have original jurisdiction [15 U.S.C. § 1692k(d)], may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending…";

Page | 4 of 6

DEFENDANTS' NOTICE OF REMOVAL

1        •   Pursuant to 28 U.S.C § 1331, the State Court action, which is merely a

2            defenseless summary proceeding, is unconstitutional and violates

3            Defendants' 14th Amendment right to due process.  The 14th

4            Amendment to the United States Constitution affords due process of

5            law and protects Defendants against deprivation of property among

6            other rights. Summary proceedings in state court violates the 14th

7            Amendment due process clause because (i) Defendants may not cross-

8            complain against Plaintiff, (ii) Defendants seek over $80,000 in

9            damages bared by the statutory limit of $25,000 in the "limited civil"

10          state court venue, (iii) Defendants are barred from filing a Summary

11          Judgement Motion, but subject to Summary Judgement from Plaintiff,

12          (iv) judgement for the Plaintiff in the state court action equates to a

13          judgement for the Plaintiff on appeal because Defendants are barred

14          from introducing "new" information on appeal which was not new

15          information in the state court action, merely barred due to the

16          "summary nature" of the proceedings. *See* Young v. Department of

17          Housing and Urban Development, 2011-3232 (Fed. Cir. 2/12/13); *See*

18          United Food, Local 919 v. CenterMark Props. Meriden Square, Inc.,

19          30 F.3d 298, 304–06 (2d Cir. 1994)

20                   *(holding that court lacked diversity jurisdiction but*

21                   *remanding to district court for further proceedings*

22                   *on federal question jurisdiction).;*

23    9.   Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

24 plaintiffs remaining state law claims for relief.

25 **CONCLUSION**

26    10. Defendants reserve the right to supplement or amend this Notice of Removal.

Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of

27 removal attached thereto, shall be filed with the clerk of the Superior Court of the State of

28

DEFENDANTS' NOTICE OF REMOVAL

1  California, County of Riverside, Case No. HEC 1301601, with a copy served on plaintiff's

2  attorney. Defendants also shall file with this Court a certificate of service of such notice.

3       **WHEREFORE**, Defendants hereby remove the action now pending against them in the

4  Superior Court of the State of California, County of Riverside, to this Honorable Court.

5

6  DATED: November 26, 2013                   Respectfully submitted,

7

8                                    Kelly Randle

9

10                                  Defendant/ In Pro Se

11

12                                   Fred Mitchell

13

14                                   Defendant / In Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page | 6 of 6

DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT "A"



| Home | Contact Us |

**MILES, BAUER, BERGSTROM & WINTERS, LLP**
ATTORNEYS AT LAW

800.297.1430

Firm Overview | Our Attorneys | Our Expertise | Industry Updates | Newsletters | Resources | Career Opportunities



CALIFORNIA    ARIZONA    NEVADA

Name*

Email*

Phone*

Message*

## Firm Overview

At Miles, Bauer, Bergstrom & Winters, LLP, we combine our expertise in bankruptcy, civil litigation, eviction and foreclosure to provide you with a comprehensive set of legal solutions. Our one-stop approach allows you to benefit from the ability to streamline your litigation needs, instead of _____ yourself with multiple firms for each stage in the process. The firm represents mortgage lenders, real estate lenders, creditors, auto lenders and other business and corporate clients. To learn more about how our firm can help you minimize delays and improve timelines, **schedule a case evaluation** with our attorneys.

Privacy & Terms

### Mortgage Lender and Real Estate Solutions

Our attorneys specialize in foreclosure and collections, and have an in-depth knowledge of:

- Commercial landlord litigation
- Residential landlord litigation
- Quiet title
- Lien priority
- Mechanics liens
- Discharge litigation
- Land use litigation
- Easements and boundaries
- Injunctive relief
- Receiverships

- Partition and sale
- Property sales
- Construction defects
- RESPA/loan origination compliance
- Escrow and related litigation
- REO-related litigation
- Soils/construction defect litigation
- Environmental litigation
- Waste litigation
- Title defects/claims

### Creditor Solutions

We provide you with a spectrum of default-related services—giving you the option to utilize one or all of our services, depending upon your needs and circumstances:

- Secured creditor litigation
- Unsecured creditor litigation

- Retrieval litigation
- Loan origination fraud

Practice Areas

**Bankruptcy**

**Civil Litigation**

**Eviction**

**Foreclosure**



Proud Member

The National List of Attorneys

## Auto Lender Solutions

We offer a wealth of practical and efficient litigation options for auto lenders:

- Auto finance litigation
- Collections (bankruptcy & replevins)
- Dealer loan and defaults
- Lenders rights and remedies
- Asset searches

## General Business Solutions

Our attorneys have represented business and corporate clients in litigation related to:

- Collections on delinquent loans
- Criminal defense
- Defense of lender liability claims
- Foreclosure-related litigation
- Pre-judgment and post-judgment writs and remedies including:
  - attachments
  - sequestration
  - garnishment
  - writs of execution
- Remedies for unpaid secured and unsecured debts



Home | Firm Overview | Our Attorneys | Our Expertise | Industry Updates | Newsletters | Resources | Career Opportunities | Contact Us



Attorney Advertising. This web site is designed for general information only. The information presented at this site should not be construed to be formal legal advice nor the formation of a lawyer/client relationship. [ Site Map ] [ Bookmark Us ]

3

**SUM-130**

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**NOTICE TO DEFENDANT:**   KELLY L. RANDLE; FRED MITCHELL
*(AVISO AL DEMANDADO):*   And Does I through X, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LNV CORPORATION
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>JUN 07 2013<br><br>D. Jagtiani |

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is: Superior Court of California, County of
   *(El nombre y dirección de la corte es):* Riverside

   880 North State Street, Hemet, California 92543
   Hemet Court

   **CASE NUMBER:**
   *(Número del caso):*
   **HEC 1301601**

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Hadi R. Seyed-Ali, Esq.  Bar No. 254888
   Miles, Bauer, Bergstrom & Winters, LLP (13-30360)          Tele; 714-481-9100
   1231 East Dyer Road, Suite 100, Santa Ana, CA 92705          Fax: 714-481-9151

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)  ☒ did not  ☐ did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: JUN 07 2013          Clerk, by _____ D. Jagtiani _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐  as an individual defendant.
   b. ☐  as the person sued under the fictitious name of *(specify):*
   c. ☐  as an occupant
   d. ☒  on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ CCP 415.46 (occupant)          ☐ other *(specify):*

5. ☒  by personal delivery on *(date):* 6/9/13          Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder®

4

**SUM-130**

| | |
|---|---|
| PLAINTIFF *(Name):* LNV CORPORATION | CASE NUMBER: |
| DEFENDANT *(Name):* KELLY L. RANDLE; FRED MITCHELL | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date):*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Hadi R. Seyed-Ali, Esq.  Bar No. 254888          SBN:  254888<br>Miles, Bauer, Bergstrom & Winters, LLP (13-30360)<br>1231 East Dyer Road, Suite 100, Santa Ana, CA 92705<br>TELEPHONE NO.: 714-481-9100          FAX NO.: 714-481-9151<br>ATTORNEY FOR *(Name):* PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 880 North State Street
MAILING ADDRESS: 880 North State Street
CITY AND ZIP CODE: Hemet, CA 92543
BRANCH NAME: Hemet Court

CASE NAME: LNV CORPORATION vs. RANDLE

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | HEC 1301601<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☐ Substantial amount of documentary evidence
 d. ☐ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 1
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 5, 2013

Hadi R. Seyed-Ali, Esq.  Bar No. 254888
(TYPE OR PRINT NAME) ▶                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder- |

5

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**
1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*  SBN:     TELEPHONE NO.:    **FOR COURT USE ONLY**

fax:

ATTORNEY FOR *(Name):*

**NAME OF COURT:** Superior Court of California, County of RIVERSIDE
STREET ADDRESS: 880 North State Street
MAILING ADDRESS: 880 North State Street
CITY AND ZIP CODE: Hemet, CA 92543
BRANCH NAME: Hemet Court

PLAINTIFF: LNV CORPORATION

DEFENDANT: KELLY L. RANDLE; FRED MITCHELL

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER:
HEC 1 3 0 1 6 0

**Complete this form only if ALL of these statements are true:**
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.
3. You still occupy the premises.

(To be completed by the process server)
DATE OF SERVICE:
*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):*    | 6 7 13 |    , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $     or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 (New January 1, 1991)     **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**     Code of Civil Procedure §§ 415.46, 715.010, 715.020, 1174.25
Westlaw Doc & Form Builder



| PLAINTIFF *(Name)*: LNV CORPORATION | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: KELLY L. RANDLE; FRED MITCHELL | |

---

**NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

---

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
    a. ☐  an oral rental agreement with the landlord.
    b. ☐  a written rental agreement with the landlord.
    c. ☐  an oral rental agreement with a person other than the landlord.
    d. ☐  a written rental agreement with a person other than the landlord.
    e. ☐  other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

---

**WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

---

Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF CLAIMANT)

---

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE** if all the following are true:
   1. **You are NOT named in the accompanying Summons and Complaint.**
   2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.** *(The date is the court filing date on the accompanying Summons and Complaint.)*
   3. **You still occupy the premises.**

*(Where to file this form)*   You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*    If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ | BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ | MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ | BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ | MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☒ | HEMET 880 N. State St., Hemet, CA 92543 | ☐ | RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ | INDIO 46-200 Oasis St., Indio, CA 92201 | ☐ | TEMECULA 41002 County Center Dr., Ste. 100, Temecula, CA 92591 |

RI-030

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar Number and Address)
Hadi R. Seyed-Ali, Esq., Bar No. 254888
Miles, Bauer, Bergstrom & Winters, LLP (13-30360)
1231 East Dyer Road, Suite 100
Santa Ana, CA 92705

**TELEPHONE NO:** 714-481-9100    **FAX NO.** (Optional) 714-481-9151

**E-MAIL ADDRESS** (Optional):

**ATTORNEY FOR** (Name): PLAINTIFF

**PLAINTIFF/PETITIONER:** LNV CORPORATION

**DEFENDANT/RESPONDENT:** KELLY L. RANDLE; FRED MITCHELL

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 07 2013

D. Jagtiani

**CASE NUMBER:** HEC 1301601

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of: 92545 _____

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date June 5, 2013 _____

Hadi R. Seyed-Ali, Esq., Bar No. 254888
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)    ▶    _____
(SIGNATURE)

**Page 1 of 1**
Local Rule 1.0015

Approved for Mandatory Use
Riverside Superior Court
RI-030 (Rev. 07/01/12)

**CERTIFICATE OF COUNSEL**

riverside.courts.ca.gov/localrules/localrules.shtml

1 **MILES, BAUER, BERGSTROM & WINTERS, LLP**
Hadi R. Seyed-Ali, Esq., Bar No. 254888
2 1231 E. Dyer Road, Suite 100 (RANDLE / 13-30360)
Santa Ana, CA 92705
3 Phone: (714) 481-9100
Facsimile: (714) 481-9151
4

Attorneys for Plaintiff,
5 LNV CORPORATION

6

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF RIVERSIDE

11                      MORENO VALLEY COURT

12

LNV CORPORATION,                    CASE NO.: HEC 13 01 6 0 1
13
            Plaintiff(s),           **COMPLAINT FOR UNLAWFUL DETAINER**
14
        vs.                         ACTION BASED ON CODE OF CIVIL
15                                  PROCEDURE SECTION 1161a
KELLY L. RANDLE;
16 FRED MITCHELL and DOES I through X, [THE DEMAND DOES NOT EXCEED
Inclusive,                          $10,000]
17
            Defendants.
18 Plaintiff alleges:

19     1. Plaintiff, LNV CORPORATION ("Plaintiff"), is at all times mentioned a Corporation

20 authorized to do business in California and is the owner of and entitled to immediate possession

21 of the subject property generally described as 1579 CEDARSPRING DRIVE, HEMET,

22 CALIFORNIA 92545 ("Property").

23     2. Plaintiff is informed and believes that Defendants, and each of them, are now and at

24 all times mentioned herein were resident(s) of the County of RIVERSIDE, State of California.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 07 2013

D. Jagtiani

OSC RE: DISMISSAL
DATE 8-21-13
TIME 10AM
DEPT 41

-1-
COMPLAINT FOR UNLAWFUL DETAINER

3.   Plaintiff is unaware of the true names and capacities whether individual, corporate, associate or otherwise of the Defendants sued as Does 1 through 10, inclusive, and therefore Defendants are sued under fictitious names.  When the true names and capacities of the fictitiously named Defendants have been ascertained, Plaintiff will seek leave of the Court to amend this Complaint accordingly.  Plaintiff is informed and believes that the fictitiously named Defendants are responsible in some manner for the events and happenings hereinafter referred to, thereby causing Plaintiff the damages herein alleged.

4.   Plaintiff is informed and believes that KELLY L. RANDLE; FRED MITCHELL are in possession of the Property.

5.   Prior to the commencement of this action, title to the subject Property was vested in the name or names of KELLY L. RANDLE.  KELLY L. RANDLE was the original Trustor under a Deed of Trust, which secured the Property, recorded in the official records of RIVERSIDE County, California.  The Deed of Trust contained a power of sale clause that allowed the Trustee to proceed with a non-judicial foreclosure upon default.

6.   The Property was sold by the Trustee to Plaintiff at a Trustee's Sale.  Said Trustee's Sale was held in accordance with California Civil Code §2924 et. seq.

7.   The Trustee's Sale was duly perfected by recording a Trustee's Deed Upon Sale in the Office of the County Recorder of RIVERSIDE County, California.  A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit "A" and incorporated herein by reference.

8.   After Plaintiff obtained legal title to the Property, Plaintiff caused to be served on the Defendants a Notice to Quit.  The Notice to Quit gave any tenant thirty (30) or ninety (90) days in which to vacate the Property and the previous owner or any other occupant three (3) days in which to vacate the Property upon service of the Notice to Quit.

-2-

1    9.   Service of the Notice to Quit on KELLY L. RANDLE was effected by posting a copy

2    of the Notice to Quit on the premises on April 17, 2013, and by mailing a copy of same on April

3    17, 2013, because defendants could not be found on the premises.  Service of the Notice to Quit

4    on all other occupants, which includes FRED MITCHELL, was effected by posting a copy of the

5    Notice to Quit on the premises on April 17, 2013, and by mailing a copy of same on April 17,

6    2013, because the occupants could not be found on the premises.  Attached hereto as Exhibit "B"

7    is a true and correct copy of the Notice to Quit along with copies of the Proof of Service.

8        10.  More than thirty (30) days have elapsed since service of said Notice to Quit on the

9    Defendants, but Defendants have failed and refused to deliver up possession of the Property.

10        11.  Plaintiff demands possession of the Property from the Defendants, and each of them,

11    pursuant to California Code of Civil Procedure §1161a(b) and §1161a(c).

12        12.  Defendants continue in possession of the Property without Plaintiff's permission or

13    consent.

14        13.  The reasonable daily rental value of the Property is $74.00.

15        14.  Attached hereto as Exhibit "C" is a true and correct copy of the Affidavit of Military

16    Status.

17        WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as

18    follows:

19        a)  Restitution and possession of the Property;

20        b)  An Order directing Defendants to quit and deliver up possession of the Property to

21            Plaintiff;

22        c)  Damages at the rate of $74.00 per day, from and including May 18, 2013, for each day

23            that Defendants continue in possession of the Property up to date of Judgment;

24    ///

-3-

1    d) For costs of suit herein;

2    e) For such other relief as the Court deems just and proper.

3    Dated: June 5, 2013                MILES, BAUER, BERGSTROM & WINTERS, LLP

4

5                                       Hadi R. Seyed-Ali, Esq.
                                        Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR UNLAWFUL DETAINER

1

**VERIFICATION**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3      I am an attorney at law duly licensed to practice before this court and I am an associate in

4   the law firm of Miles, Bauer, Bergstrom & Winters, LLP, attorneys for LNV CORPORATION,

5   a party to this action.  Such party is absent from the county aforesaid where such attorneys have

6   their office and make the verification for and on behalf of that party for that reason.  I have read

7   the above document and know its contents.  I am informed and believe and on that ground allege

8   that the matters stated in it are true.

9      Executed on June 5, 2013, at Santa Ana, California.

10      I declare under penalty of perjury under the laws of the State of California that the above

11   is true and correct.

12                        MILES, BAUER, BERGSTROM & WINTERS, LLP

13

14                        Hadi R. Seyed-Ali, Esq.
                           Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR UNLAWFUL DETAINER

Branch :F74,User :TZ03                    Comment:                                   Station Id :EZZX



DOC # 2013-0163838
04/05/2013 04:27 PM Fees: $21.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL DEED
AND TAX STATEMENT TO:**

LNV Corporation
c/o Dovenmuehle Mortgage, Inc.
1 Corporate Drive, Suite 360
Lake Zurich, IL  60047

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MGREGSTON

APN: 460-111-049-0                     

### TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:

1) The Grantee herein was the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was:     $357,986.63
3) The amount paid by the Grantee at the Trustee sale was:     $152,100.00
4) The documentary transfer tax is:                           $0.00
5) Said property is in the city of: HEMET
6) APN 460-111-049-0

and **MTC FINANCIAL INC. dba TRUSTEE CORPS**, herein called "Trustee", as Trustee (or as Successor Trustee) of the Deed of Trust hereinafter described, hereby grants and conveys, but without covenant or warranty, express or implied, to **LNV Corporation**, herein called "Grantee", the real property in the County of Riverside, State of California, described as follows:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

This Deed is made pursuant to the authority and powers given to Trustee (or to Successor Trustee) by law and by that certain Deed of Trust dated October 26, 2006, made to KELLY L. RANDLE, AN UNMARRIED WOMAN, KELLY L. RANDLE and recorded on November 3, 2006 as Instrument No. 2006-0812145 of official records in the Office of the Recorder of Riverside County, California. Trustee (or Successor Trustee) having complied with all applicable statutory provisions and having performed all of his duties under the said Deed of Trust.

APN: 460-111-049-0



Branch :F7I,User :TZ03                    Comment:                              Station.Id :EZZX

DOC #2013-0163838  Page 2 of 3 04/05/2013 04:27 PM

All requirements of law and of said Deed of Trust relating to this sale and to notice thereof having been complied with. Pursuant to the Notice of Trustee's Sale, the above described property was sold by Trustee (or Successor Trustee) at public auction on April 2, 2013 at the place specified in said Notice, to Grantee who was the highest bidder therefore, for $152,100.00 cash, in lawful money of the United States, which has been paid.

Dated: 4-5-13          TRUSTEE CORPS

                        By: Karen Talafus, Authorized Signatory

State of CALIFORNIA
County of ORANGE

On April 5, 2013 before me, David Miller , a Notary Public, personally appeared KAREN TALAFUS who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public in and for said County and State

> DAVID MILLER
> Commission # 1893668
> Notary Public - California
> Orange County
> My Comm. Expires Jun 25, 2014

APN: 460-111-049-0

RIVERSIDE,CA                    Page 2 of 3              Printed on 4/16/2013 10:42:27 AM
Document: FD 2013.163838

DOC #2013-0163838  Page 3 of 3 04/05/2013 04:27 PM

## EXHIBIT "A"

LOT 32 OF TRACT 24124, IN THE CITY OF HEMET, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 288, PAGES 24 THROUGH 27, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 460-111-049-0

# EXHIBIT "B"

# NOTICE TO QUIT

### To: KELLY L. RANDLE
### AND ALL OTHERS IN POSSESSION

of the premises located at:

### 1579 CEDARSPRING DRIVE, HEMET, CALIFORNIA 92545

The premises was duly sold in accordance with Section 2924 of the Civil Code of the State of California on April 2, 2013, under the power of sale contained in a Deed of Trust recorded in the official records, Riverside County, California, and the title under sale has been duly perfected.

NOTICE IS HEREBY GIVEN that:

(i)     Within **Three (3) Days** after service of this Notice, in the event you are in possession of the premises and you are not a tenant or subtenant as described below;

(ii)    Within **Thirty (30) Days** after service of this Notice, in the event you are a tenant or subtenant in possession of a rental housing unit sold in foreclosure and any party to the note remains in the property as a tenant, subtenant, or occupant;

(iii)   Within **Ninety (90) Days** after service of this Notice, in the event you are a tenant or subtenant in possession of a rental housing unit sold in foreclosure.

You are required to quit and deliver up possession of the premises to the undersigned or to LNV CORPORATION, owner, who is authorized to receive the same. Your failure to deliver possession of the premises within three/thirty/ninety days will cause the undersigned to institute legal proceedings against you to recover possession of the premises and for damages as provided by law.

This notice to you is given pursuant to the provisions of California Code of Civil Procedure Section 1161a and 1161b and 12 U.S.C. 5220.

**MILES, BAUER, BERGSTROM & WINTERS, LLP**
Attorneys for Owner

Dated: April 16, 2013

by: Hadi R. Seyed-Ali, Esq.
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
(714) 481-9100

13-30360

15

Notice to Any Renters Living at:

### 1579 CEDARSPRING DRIVE, HEMET, CALIFORNIA  92545

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are.  You may receive court papers in a few days.  If your name is on the papers, it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have.  In some cases, you can respond without hurting your credit.  You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers.  In some cases and in some cities with a "just cause for eviction law," you may not have to move at all.  But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program.  You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.



04/18/2013 21:45 FAX                                                      ☑001/002

Miles, Bauer, Bergstrom & Winters, LLP
1231 E. Dyer Road, Suite 100   Santa Ana, CA 92705

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

3/30/90 Day Notice to Quit; Notice to Any Renters

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   Kelly L. Randle

DATE OF POSTING:   April 17, 2013
TIME OF POSTING:   12:25 PM

DATE OF MAILING:   April 17, 2013

PROPERTY ADDRESS:   1579 Cedarspring Drive,
Hemet, CA 92545
(HOME)

☐  1. PERSONAL SERVICE          By delivering a copy of the Notice(s) on the above named occupant(s)

☑  2. CONSTRUCTIVE SERVICE      After due and diligent effort, by service of said Notice(s) as authorized by C.C.P.
                                Section 1162 (2,3) on each of the above named parties in the manner set forth below.

By posting a copy for each of the above named parties on April 17, 2013 at 12:25 PM in a conspicuous place on the property; and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property or where their mail is delivered on April 17, 2013.

Fee for Service:$ 110.00
NATIONWIDE LEGAL   County: Riverside
Registration No.:  1175
Nationwide Legal, LLC
820 North Parton Street, Suite 203
Santa Ana, CA 92701
(714) 558-2300
Ref: 13-30360/RANDLE/N

At the time of service, I was at least 18 years of age.  I declare under penalty of perjury that the foregoing is true and correct.
Dated:  April 18, 2013.

Signature: _____
Raul Maldonado

9286246

9286246.NTQ.13-30360/RANDLE/N
PROOF OF SERVICE

16

04/18/2013 21:45 FAX                                                                    ☑ 002/002

Miles, Bauer, Bergstrom & Winters, LLP
1231 E. Dyer Road, Suite 100   Santa Ana, CA 92705

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

3/30/90 Day Notice to Quit; Notice to Any Renters

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   All Others in Possession

    DATE OF POSTING:   April 17, 2013
    TIME OF POSTING:   12:25 PM

    DATE OF MAILING:   April 17, 2013

PROPERTY ADDRESS:   1579 Cedarspring Drive,
    Hemet, CA 92545
    (HOME)

☐  1. PERSONAL SERVICE        By delivering a copy of the Notice(s) on the above named occupant(s)

☑  2. CONSTRUCTIVE SERVICE    After due and diligent effort, by service of said Notice(s) as authorized by C.C.P.
        Section 1162 (2,3) on each of the above named parties in the manner set forth below.

By posting a copy for each of the above named parties on  April 17, 2013 at 12:25 PM in a conspicuous place on the property; and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property or where their mail is delivered on  April 17, 2013.

Fee for Service:$ 40.00

NATIONWIDE LEGAL.   County:  **Riverside**
    Registration No.:  1175
    **Nationwide Legal, LLC**
    **820 North Parton Street, Suite 203**
    **Santa Ana, CA 92701**
    **(714) 558-2300**
    Ref: 13-30360/RANDLE/N

At the time of service, I was at least 18 years of age.  I declare under penalty of perjury that the foregoing is true and correct.
Dated:  April 18, 2013.

Signature: _____
             Raul Maldonado

9286247

9286247.NTQ.13-30360/RANDLE/N
PROOF OF SERVICE

## AFFIDAVIT OF MILITARY STATUS

Property Address:     1579 Cedarspring Drive, Hemet, CA  92545
File No.:             13-30360

STATE OF CALIFORNIA        )
                           )  SS
COUNTY OF ORANGE           )

I, Hadi R. Seyed-Ali, Esq., being duly sworn, depose and say:

On April 16, 2013, a Military Status Report was completed for Kelly L. Randle. Per the information furnished, the Department of Defense Manpower Data Center ("DMDC") does not possess any information indicating the individual's military status as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health and Coast Guard). Per the DMDC, the response received reflects active duty status including the date the individual was last on active duty, if the duty was in the preceding 367 days.

As to Occupant, a Social Security Number was/is not readily available. As a result, on April 16, 2013, a Letter requesting confirmation of Military Status was forwarded to the subject premises at 1579 Cedarspring Drive, Hemet, CA  92545 with instructions to respond to the offices of Miles, Bauer, Bergstrom & Winters, LLP within 10 calendar days. As of this date, no confirmation of Military Status has been received, and Affiant's due diligence has been completed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

See Attached.

Date: April 16, 2013

_____
Hadi R. Seyed-Ali, Esq.
Affiant

17

# EXHIBIT "C"

Department of Defense Manpower Data Center

Results as of: Apr-16-2013 03:58:39

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: RANDLE
First Name: KELLY
Middle Name: L.
Active Duty Status As Of: Apr-16-2013

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individual's active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350



Branch :F7I,User :TZ03                    Comment:                              Station Id :EZZX

DOC # 2013-0163838
04/05/2013 04:27 PM Fees: $21.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY:

WHEN RECORDED MAIL DEED
AND TAX STATEMENT TO:

LNV Corporation                           **This document was electronically submitted
c/o Dovenmuehle Mortgage, Inc.            to the County of Riverside for recording**
1 Corporate Drive, Suite 360              Receipted by: MGREGSTON
Lake Zurich, IL  60047

APN: 460-111-049-0

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:

1) The Grantee herein was the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was:     $357,986.63
3) The amount paid by the Grantee at the Trustee sale was:    $152,100.00
4) The documentary transfer tax is:                           $0.00
5) Said property is in the city of: HEMET
6) APN 460-111-049-0

and MTC FINANCIAL INC. dba TRUSTEE CORPS, herein called "Trustee", as Trustee (or as Successor
Trustee) of the Deed of Trust hereinafter described, hereby grants and conveys, but without covenant or
warranty, express or implied, to LNV Corporation, herein called "Grantee", the real property in the
County of Riverside, State of California, described as follows:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

This Deed is made pursuant to the authority and powers given to Trustee (or to Successor Trustee) by
law and by that certain Deed of Trust dated October 26, 2006, made to KELLY L. RANDLE, AN
UNMARRIED WOMAN, KELLY L. RANDLE and recorded on November 3, 2006 as Instrument No. 2006-
0812145 of official records in the Office of the Recorder of Riverside County, California. Trustee (or
Successor Trustee) having complied with all applicable statutory provisions and having performed all of
his duties under the said Deed of Trust.

APN: 460-111-049-0

RIVERSIDE,CA
Document: FD 2013.163838                  Page 1 of 3                  Printed on 4/16/2013 10:42:26 AM

Branch :FYI,User :TZ03                    Comment:                              Station Id :EZZX

DOC #2013-0163838  Page 2 of 3 04/05/2013 04:27 PM

All requirements of law and of said Deed of Trust relating to this sale and to notice thereof having been complied with. Pursuant to the Notice of Trustee's Sale, the above described property was sold by Trustee (or Successor Trustee) at public auction on April 2, 2013 at the place specified in said Notice, to Grantee who was the highest bidder therefore, for $152,100.00 cash, in lawful money of the United States, which has been paid.

Dated:  4-5-13                TRUSTEE CORPS  *Karen Talafus*

                              By: Karen Talafus, Authorized Signatory

State of CALIFORNIA
County of ORANGE

On April 5, 2013 before me, David Miller _____ a Notary Public, personally appeared KAREN TALAFUS who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public in and for said County and State

> DAVID MILLER
> Commission # 1893588
> Notary Public - California
> Orange County
> My Comm. Expires Jun 25, 2014

APN: 460-111-049-0

Branch :F7I,User :TZ03                    Comment:                              Station Id :EZZK

DOC #2013-0163838  Page 3 of 3 04/05/2013 04:27 PM

## EXHIBIT "A"

LOT 32 OF TRACT 24124, IN THE CITY OF HEMET, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN ON THE MAP FILED IN BOOK 288, PAGES 24 THROUGH 27, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 460-111-049-0



**DOUGLAS E. MILES**
   Also Admitted in Illinois &
   Nevada
**RICHARD J. BAUER, JR.**
**FRED TIMOTHY WINTERS**
**KEENAN E. McCLENAHAN**
**MARK T. DOMEYER**
   Also Admitted in the District of
   Columbia & Virginia
**TAMI S. CROSBY**
**L. BRYANT JAQUEZ**
**VY T. PHAM**
**HADI R. SEYED-ALI**
**BRIAN H. TRAN**
**CORI B. JONES**
**CATHERINE K. MASON**
**CHRISTINE A. CHUNG**
**HANH T. NGUYEN**
**S. SHELLY RAISZADEH**
**SHANNON C. WILLIAMS**
**LAWRENCE R. BOIVIN**
**RICK J. NEHORAOFF**
**BRIAN M. LUNA**
**RODRIGO SUAREZ**
   Also licensed in Texas &
   El Salvador
**KRISTIN C. DERR**

MILES, BAUER, BERGSTROM & WINTERS, LLP
A T T O R N E Y S   A T   L A W       S I N C E   1 9 8 5

1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
Phone: (714) 481-9100
Fax: (714) 481-9151

**NEVADA OFFICE**
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052
Phone (702) 369-5960
Fax  BK-EV (702) 369-4955
Fax  CV-FC (702) 942-6411

**JEREMY T. BERGSTROM**
   Also Admitted in Arizona
**GINA M. CORENA**
**ROCK K. JUNG**
**KRISTA J. NIELSON**
**JORY C. GARABEDIAN**
**THOMAS M. MORLAN**
   Admitted in California
**STEVEN E. STERN**
   Admitted in Arizona & Illinois
**ANDREW H. PASTWICK**
   Also Admitted in Arizona &
California
**PATERNO C. JURANI**

April 16, 2013

Re:    1579 Cedarspring Drive, Hemet, CA 92545
       File No.: 13-30360

Dear Occupant:

Our office represents the current owner of the above-referenced property, which obtained the property as a result of the foreclosure sale held on April 2, 2013. Attached is a copy of the Deed that was submitted for recording.

We are writing to notify you that military service members on "active duty" or "active service," or a dependent of such a service member may be entitled to certain legal protections pursuant to the Service members Civil Relief Act (50 USC App. §§ 501-596) (SCRA). If you believe that you may be eligible for such protection, please contact our office at the below, within 10 calendar days from the date of this letter.

Miles, Bauer, Bergstrom & Winters, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
Phone Number: (714) 481-9100
Email: scra@mileslegal.com

Your cooperation is appreciated.

Sincerely,

MILES, BAUER, BERGSTROM & WINTERS, LLP

Hadi R. Seyed-Ali, Esq.

80

DOC # 2013-0163838
04/05/2013 04:27 PM Fees: $21.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY:

WHEN RECORDED MAIL DEED
AND TAX STATEMENT TO:

LNV Corporation
c/o Dovenmuehle Mortgage, Inc.
1 Corporate Drive, Suite 360
Lake Zurich, IL  60047

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MGREGSTON

APN: 460-111-049-0



## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:

1) The Grantee herein was the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was:      $357,986.63
3) The amount paid by the Grantee at the Trustee sale was:     $152,100.00
4) The documentary transfer tax is:                            $0.00
5) Said property is in the city of: HEMET
6) APN 460-111-049-0

and MTC FINANCIAL INC. dba TRUSTEE CORPS, herein called "Trustee", as Trustee (or as Successor Trustee) of the Deed of Trust hereinafter described, hereby grants and conveys, but without covenant or warranty, express or implied, to LNV Corporation, herein called "Grantee", the real property in the County of Riverside, State of California, described as follows:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

This Deed is made pursuant to the authority and powers given to Trustee (or to Successor Trustee) by law and by that certain Deed of Trust dated October 26, 2006, made to KELLY L. RANDLE, AN UNMARRIED WOMAN, KELLY L. RANDLE and recorded on November 3, 2006 as Instrument No. 2006-0812145 of official records in the Office of the Recorder of Riverside County, California. Trustee (or Successor Trustee) having complied with all applicable statutory provisions and having performed all of his duties under the said Deed of Trust.

APN: 460-111-049-0

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Hadi R. Seyed-Ali \| SBN: 254888<br>Miles, Bauer, Bergstrom & Winters, LLP<br>1231 E. Dyer Road, Suite 100   Santa Ana, CA 92705<br><br>TELEPHONE NO.: (714) 481-9100 \| FAX NO. (714) 481-9141 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |

**RIVERSIDE COUNTY SUPERIOR COURT**

STREET ADDRESS: 13800 HEACOCK AVE. BLDG.

MAILING ADDRESS:

CITY AND ZIP CODE: MORENO VALLEY, CA 92553-3338

BRANCH NAME: MORENO VALLEY

| | |
|---|---|
| PLAINTIFF/PETITIONER:  LNV Corporation | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  Randle | HEC1301601 |
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.: 13-30360/RANDLE/S |

I, Norman Vilchez , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Fred Mitchell as follows:
Documents:

Summons; Complaint; Civil Case Cover Sheet (served in complex cases only); Prejudgment Claim of Right to Possession;; Certificate of Counsel;

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 6/7/2013 | 8:56 PM | Home | No answer. Lights are off inside.<br>1579 Cedarspring Drive,  Hemet, CA 92545 |
| 6/8/2013 | 7:49 AM | Home | No answer. No cars.<br>1579 Cedarspring Drive,  Hemet, CA 92545 |
| 6/9/2013 | 5:25 PM | Home | Sub-served Kelly L. Randle.<br>1579 Cedarspring Drive,  Hemet, CA 92545 |

Fee for Service: $ 40.00

County: Los Angeles
Registration No.: 2013060538
Nationwide Legal, LLC
820 North Parton Street, Suite
203 G
Santa Ana, CA 92701
(714) 558-2300

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on  June 10, 2013.

Signature: _____
                    Norman Vilchez

**AFFIDAVIT OF REASONABLE DILIGENCE**

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: **Kelly L. Randle, Fred Mitchell**   STATE BAR NO.: | | |

FIRM NAME:

ADDRESS: **1579 Cedarspring Drive**

CITY: **Hemet**     STATE: **CA**   ZIP CODE: **92545**

E-MAIL ADDRESS *(Optional)*:     TELEPHONE NO.: **951-306-2944**

ATTORNEY FOR *(Name):* **In Pro Per**     FAX NO. *(Optional)*:

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**JUN 13 2013**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Riverside**

STREET ADDRESS: **880 North State Street**

MAILING ADDRESS: **880 North State Street**

CITY AND ZIP CODE: **Hemet, CA. 92543**

BRANCH NAME: **Hemet Superior Court**

PLAINTIFF: **LNV Corporation**

DEFENDANT: **Kelly L. Randle, Fred Mitchell**

| **ANSWER—UNLAWFUL DETAINER** | CASE NUMBER: **HEC 1301601** |
|---|---|

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs)*: Kelly L. Randle, Fred Mitchell

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**

   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*

   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT:

   (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):*   ☐ Explanation is on MC-025, titled as Attachment 2b(1).

   **Defendants hereby deny each of the following paragraphs on complaint filed by Plaintiff: #1, #3, #5, #6, #7, #8, #9, #10, #11, #12, #13, #14, #14a, #14b,#14c,#14d, #14e**

   (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
   ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. **AFFIRMATIVE DEFENSES**  *(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*

   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

   c. ☐ *(nonpayment of rent only)* On *(date):*   before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.

   e. ☑ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

   f. ☑ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

   *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*

   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*

   j. ☑ Other affirmative defenses are stated in item 3k.

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-105 [Rev. January 1, 2012] | **ANSWER—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq.;<br>Code of Civil Procedure, § 425.12, § 1161 et seq.<br>www.courts.ca.gov |
|---|---|---|

**UD-105**

CASE NUMBER:
HEC 1301601

3. AFFIRMATIVE DEFENSES (cont'd)
k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025):*

☐ Description of facts is on MC-025, titled as Attachment 3k.

Plaintiff is retaliating because of Federal Case#ED CV 13 00763 MPR OPx filed by defendant

4. OTHER STATEMENTS
a. ☐ Defendant vacated the premises on *(date):*
b. ☑ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025):*

☐ Explanation is on MC-025, titled as Attachment 4b.

Fair Rental value does not exceed $950.00 mo. which is the amount of the valid existing lease

c. ☑ Other *(specify below or on form MC-025 in attachment):*

☐ Other statements are on MC-025, titled as Attachment 4c.

Defendant Fred Mitchell is a disabled Iraqi Gulf war veteran and defendant has breached all applicable laws governing eviction, including the Protecting Tenants at Foreclosure Act of 2009

5. DEFENDANT REQUESTS
a. that plaintiff take nothing requested in the complaint.
b. costs incurred in this proceeding.
c. ☑ reasonable attorney fees.
d. ☑ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
e. ☑ Other *(specify below or on form MC-025):*

☐ All other requests are stated on MC-025, titled as Attachment 5e.

Defendants hereby request that this court "stay the execution" of this unlawful detainer action pending the adjudication of Federal District Court case# ED CV 13 00763 MPR OPx

6. Number of pages attached: 24

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An unlawful detainer assistant ☑ did not ☐ did   for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*
a. Assistant's name:                                            b. Telephone No.:
c. Street address, city, and zip code:
d. County of registration:                          e. Registration No.:                  f. Expires on *(date):*

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

Kelly L. Randle
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF DEFENDANT OR ATTORNEY)

Fred Mitchell
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: 06/12/2013

Kelly L.Randle/Fred Mitchell
_____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 1, 2012]              **ANSWER—UNLAWFUL DETAINER**              Page 2 of 2



# EXPLANATION OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| A | On April 18, 2013 upon receiving the <u>Notice to Quit</u> from Plaintiff at 1579 Cedarspring Drive, Hemet, CA 92545, Defendant Fred Mitchell faxed and mailed via Certified U.S. Mail *the following documents to Plaintiff's attorney:* |
|  | 1.  A letter informing Plaintiff that <u>Fred Mitchell</u> was the lessee under a binding lease agreement dated April 2, 2008 with the Kelly Lynn Randle Family Trust.  Plaintiff did not know of "Fred Mitchell" until Plaintiff received the documents itemized in Exhibit A on April 18, 2013. In the cover letter, *Fred Mitchell made a formal request for the name of the new landlord and the location to which to send or bring the rent payments* of $950.00 per month; |
|  | 2.  A true copy of the original lease dated April 2, 2008 between Fred Mitchell - lessee and Kelly Lynn Randle Family Trust – lessor; |
|  | 3.  A Property Inspection Checklist that indicated multiple 5-year old habitability issues in need of repair; |
|  | 4.  A copy of the notarized and recorded Quit Claim Deed wherein Kelly Lynn Randle (a natural person) transferred title to the Kelly Lynn Randle Family Trust, on April 2, 2008; |
| B | Letter to Plaintiff's attorney again asking for the name of the new landlord and the location at which Fred Mitchell should bring or mail in the rent payment of $950.00 per month.  This letter was faxed to Plaintiff's attorney and sent via Certified U.S. Mail on May 7, 2013. |
| C | Certified U.S. Mail receipts dated April 19, 2013 and May 8, 2013 for the documents in Exhibit "A" and Exhibit "B" |
| D | 1.  Fax notifications from "MyFax.com" that shows the 15 page fax to telephone number "1714-481-9151" Hadi R Sayed-Ali, attorney for Plaintiff with a time/date stamp of "2013-01-19 13:47:06(GMT)."  This fax was the documents in Exhibit "A" including a fax cover sheet |
|  | 2.  Fax notifications from "MyFax.com" that shows the 2 page fax to telephone number "1714-481-9151" Hadi R Sayed-Ali, attorney for Plaintiff with a time/date stamp of "5/8/2013 12:14:37 AM."  This fax was the document in Exhibit "B" including a fax cover sheet. |

# EXHIBIT "A"

AFTER THIS PAGE

25

**Fred Mitchell**
1579 Cedarspring Dr ● Hemet, CA 92545
Telephone (951) 925-8470


## VIA FACSIMILE TO HADI R. SAYED-ALI, ESQ (714) 481-9151

April 18, 2013

Atn: Hadi R. Sayed-Ali, Esq
Miles, Bauer, Bergstrom & Winters, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705

      Re: <u>Notice To Quit Dated: April 17, 2013 and Delivered April 18, 2013</u>


Dear Mr. Sayed-Ali, Esq:

    I am the lawful tenant of 1579 Cedarspring Drive / Hemet, CA 92545 and have been since April 1, 2008.  My family and I occupy this house under a binding lease agreement that was executed on April 2, 2008 for 1 year and has since automatically renewed on the first day of April each year since.   The residence I lease was foreclosed on at auction on April 2, 2013.  My lease automatically renewed on April 1, 2013 and is binding upon the new owner until March 31, 2014 according to California Code of Civil Procedure Section 1161b.(b).  The facts are that (i) the new owner, LNV corporation does not intend to occupy my home, (ii) the lessee is neither the child, spouse, or parent of the mortgagor, (iii) the lease was executed in 2008- a full five years before the foreclosure, (iiii) and the rent is $950 per month which is substantially in line with the current market rates.  I have openly and continuously lived at the property since April 1, 2008.  In addition to rents, I have paid for maintenance as well.

    I have attached a true copy of my lease and a copy of the Quit Claim Deed notarized and recorded on April 2, 2008 by the trustee of the Kelly Lynn Randle Family Trust.  Now that you represent the LNV Corporation, shall I start sending the rent payments to you?  If so, please give me the address for sending rent payments.

    Please let me know how I should proceed in keeping my rent current with the new owner.  You may contact me at 951-925-8470 any day after 6pm.


Regards,

*[signature: F. Mitchell]*

F. Mitchell

# REAL ESTATE LEASE

This Lease Agreement (this "Lease") is dated April 2, 2008, by and <u>between Kelly Lynn Randle Family Trust</u> ("Landlord"), and <u>Fred Mitchell</u> ("Tenant"). The parties agree as follows:

**PREMISES.** Landlord, for due consideration, leases to Tenant 3bedroom, 1.5 bath single story detached house (the "Premises") located at 1579 Cedarspring Dr, Hemet, California 92545. No other portion of the building (hereinafter, the Building), wherein the Premises is located is included unless expressly provided for in this Agreement.

**TERM.** The lease term will begin on April 2, 2008 and will terminate on March 31, 2009 for a term of 12 months.

**LEASE PAYMENTS.** Tenant shall pay to Landlord monthly lease payments of $950.00, payable in advance on the first day of each month, for a total lease payment of $11,400.00. Lease payments shall be made to Landlord at 39252 Winchester Road, #107-338, Murrieta, CA 92563 which may be changed from time to time by Landlord.

Tenant agrees to submit payment of all lease payments by cash, bank wire transfer, personal check, cashiers check, or money order. In the event of roommates, or another form of joint or multiple occupancy, Tenant will be responsible for collecting payment from all parties and submitting a single payment to Landlord. Tenant is responsible for any payment made by mail and not received by the due date stated herein. Mailed lease payments must be received on or before the due date. Lease payments for any partial month will be pro-rated at the rate of 1/30th of the monthly lease payment per day.

Landlord may apply any payment made by Tenant to any obligation owed by Tenant to Landlord regardless of any dates or directions provided by the Tenant that accompanies a payment. Any Landlord has full discretion to accept or reject payments from or written by third parties. Landlord's acceptance of a payment by a third party does not override the previous statement and Landlord will continue to have full discretion to accept or reject payments submitted or written by third parties. Monthly lease payments received in prior months to which the payment is due will be held by the Landlord uncashed in a secured location and deposited on the first of the month.

**SECURITY DEPOSIT.** At the time of the signing of this Lease, Tenant shall pay to Landlord security deposit of $1,900.00 (the Security Deposit) for the purpose set forth in Civil Code Section 1950.5. No trust relationship between Landlord and Tenant is created because of the Security Deposit and Landlord has full authority to commingle the Security Deposit with other funds of Landlord.

Page | 1 of 11

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell 

Landlord may apply all or a portion of the Security Deposit as allowed by law including, but not limited to, Tenants obligation to restore, replace or return personal property. Landlord shall, within the time period allotted by law, refund any balance after such deductions to Tenant after Tenant has vacated the Premises. For the purposes of this paragraph Tenant will have vacated the premises when Tenant returns all keys (and garage door openers) to Landlord and has surrendered the Premises. If required by law, Landlord shall pay to Tenant simple interest as directed by law on the amount held as a Security Deposit, so long as tenancy meets or exceeds one year. Payment shall be made by Landlord once a year. At the end of the Lease Landlord may use any unpaid accrued interest to cover any amounts owing my Tenant including but not limited to restoration, repair, cleaning or other amounts owing.

The balance of the Security Deposit and any unpaid accrued interest, if any, along with full accounting will be mailed to the Tenant at forwarding address provided to the Landlord. If no forwarding address is provided, Landlord will mail to the Premises. Landlords check may be made to all Tenants regardless of Landlords knowledge of which Tenant submitted the original Security Deposit. Tenant may NOT apply any portion of the Security Deposit to the last month's rent. If any portion of the Security Deposit is applied by Landlord to any obligations of Tenant at any time during the tenancy Tenant must, upon 5 days written notice, reinstate the Security Deposit to its full original amount.

Landlord may not increase the security deposit. Landlord and Tenant agree that the Security Deposit is not rent and therefore not subject to any Rent Ordinance.

**POSSESSION.** Tenant shall be entitled to possession on the first day of the term of this Lease, and shall yield possession to Landlord on the last day of the term of this Lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**USE OF PREMISES/ABSENCES.** Tenant shall occupy and use the Premises as a full-time residential dwelling unit. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence.

No retail, commercial or professional use of the Premises is allowed unless the Tenant receives prior written consent of the Landlord and such use conforms to applicable zoning laws. In such case, Landlord may require Tenant obtain liability insurance for the benefit of Landlord.

Notwithstanding any law to the contrary, the growing, cultivation, sale, or use in any form, of marijuana, for any purpose, is not permitted in or about the Premises, at any time, by Tenant, or Tenants guests, invitees or friends.

The failure to abide by the provisions of this section shall constitute a material breach of this Agreement and is a just cause for eviction.

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell _____



**NON-LESSEE OCCUPANTS.** No more than 5 person(s) including non-lessee occupants may reside on the Premises unless the prior written consent of the Landlord is obtained.

Non-Lessee Occupants:

| ADULTS | MINORS UNDER AGE 18 | RELATIONSHIP |
|---|---|---|
| Kelly Randle (mother) | Krista Mitchell | (daughter) |
| | Brittney Mitchell | (daughter) |
| | Megan Mitchell | (daughter) |

Tenant may have guests on the Premises for not over 3 consecutive days or 30 days in a calendar year, and no more than two guests per bedroom at any one time. Persons staying more than 3 consecutive days or more than 30 days in any calendar year shall NOT be considered original tenants of the Premises. Tenant must obtain the prior written approval of Landlord if an invitee of Tenant will be present at the Premises for more than 3 consecutive days or 30 days in a calendar year.

**WATERBEDS.** Waterbeds and/or liquid filled furniture are PROHIBITED in accordance with Civil Code Section 1940.5. If the Premises are located in a structure with an original Certificate of Occupancy issued after January 1, 1973 then such furniture may be permitted only upon written consent of Landlord, upon the completion of a Waterbed Agreement which shall become part of this Agreement and subject to continued compliance by Tenant of all provisions therein.

**RENEWAL TERMS.** This Lease shall automatically renew for an additional period of 12 months per renewal term beginning April 1st of each year hereafter unless either party gives written notice of termination no later than 30 days prior to the end of the term or renewal term. The lease terms during any such renewal term shall be the same as those contained in this Lease.

**KEYS.** Tenant will be given 2 key(s) to the Premises and 1 mailbox key(s). If all keys are not returned to Landlord following termination of the Lease, Tenant shall be charged $10.00. Tenant is not permitted to change any lock or place additional locking devices on any door or window of the Premises without Landlords approval prior to installation. If allowed, Tenant must provide Landlord with keys to any changed locks immediately upon installation.

**LOCKOUT.** If Tenant becomes locked out of the Premises, Tenant will be charged $150.00 to regain entry.

**STORAGE.** No additional storage space outside the Premises is provided or authorized by this Lease.

**ROOF/FIRE ESCAPES.** Use of the roof and/or the fire escapes by Tenants and/or guests is limited to emergency use only. No other use is permitted, including but not limited to, the placement of personal property.

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell



**PARKING.** This Lease does not include or provide for parking spaces for motor vehicles or motorcycles anywhere in or about the Premises and or Building except for inside the attached garage and on the driveway leading to the garage without blocking public access or sidewalks.

**MAINTENANCE.** Landlord shall have the responsibility to maintain the Premises in good repair at all times and perform all repairs necessary to satisfy any implied warranty of habitability except that Tenant will be responsible for: Mow and water lawn. Clean pool as needed.

Except in an emergency, all maintenance and repair requests must be made in writing and delivered to Landlord or its Agent. A repair request will be deemed permission for the Landlord or its Agent to enter the Premises to perform such maintenance or repairs in accordance with Civil Code Section 1954 and ACCESS BY LANDLORD TO PREMISES herein unless otherwise specifically requested, in writing, by Tenant. Tenant may not place any unreasonable restrictions upon Landlords or Landlords Agents access or entry. Landlord shall have expectation that the Premises is in a safe and habitable condition upon entry.

Tenant acknowledges that the Premises and the building from time to time may require renovations or repairs to keep them in good condition and repair and that such work may result in temporary loss of use of portions of the building or Premises and may inconvenience Tenant. Tenant agrees that any such loss shall not constitute a reduction in housing services or otherwise warrant a reduction in rent.

Tenant further agrees to cooperate in any efforts undertaken by Landlord to rid the Building and the Premises of pests of any kind so long as Landlord uses non-toxic pesticides and non-lethal pest control measures.  Landlord shall not use or employ another to use any pesticide or pest control method that is not clearly labeled "Safe for Use Around Children and Pets." Failure of Tenant to cooperate may be deemed an obstruction of the free use of property so as to interfere with the comfortable enjoyment of life or property thereby constituting a nuisance.

**UTILITIES AND SERVICES.** Tenant shall be responsible for all utilities and services incurred in connection with the Premises except for water.  Landlord shall pay water.

Landlord shall provide one working telephone line and one working telephone jack into the Premises if required by local regulations or state law. Tenant shall be responsible for any repairs required or charges for service calls on any utility line, accessory or fixture.

Landlord shall not be liable to Tenant or to any other person in damages or otherwise, nor shall it be considered a default under this Lease for any interruption or reduction of utilities or services caused by someone other than Landlord, or by Landlord due to circumstances beyond Landlords reasonable control.

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell _____

**TAXES.** Taxes attributable to the Premises or the use of the Premises shall be allocated as follows:

REAL ESTATE TAXES. Landlord shall pay all real estate taxes and assessments for the Premises.

PERSONAL TAXES. Landlord shall pay all personal taxes and any other charges which may be levied against the Premises which are attributable to Tenant's use of the Premises, along with all sales and/or use taxes (if any) that may be due in connection with lease payments.

**PROPERTY INSURANCE.** Landlord and Tenant shall each be responsible to maintain appropriate insurance for their respective interests in the Premises and property located on the Premises.

**NON-SUFFICIENT FUNDS.** Tenant shall be charged $35.00 as reimbursement of the expenses incurred by Landlord for each check that is returned to Landlord for lack of sufficient funds. In addition, a check returned due to insufficient funds will be subject to any and all Late Payments provisions included in this lease. All charges will be immediately due from Tenant and failure to make immediate payment will constitute a default under the terms of this Lease.

Landlord reserves the right to demand payment payments by cash, cashier's check, money order or certified funds on all future payments in the event of a check returned for insufficient funds. Nothing in this paragraph limits other remedies available to the Landlord as a payee of a dishonored check. Landlord and Tenant agree that three returned checks in any twelve month period constitutes frequent return of checks due to insufficient funds and may be considered a just cause for eviction.

**LATE PAYMENTS.** Tenant and Landlord agree that Owner will incur costs and damage as a result of any late payment of lease payments. Due to the difficulty involved in assessing the exact amount of damages, Tenant and Landlord agree to the following set late fee. For any payment that is not paid within _____10_____ days after its due date, Tenant shall pay a late fee of $10.00.

This provision for payment of a late charge does not constitute a grace period and Landlord may serve a 3-Day Notice to Pay Rent or Quit on the day after due. Landlord and Tenant agree Tenants payment of lease payments five days or more after due on at least three separate occasions within any twelve month period constitutes habitual late payment of lease payments and may be considered a just cause for eviction. Payment of the late charge does not remedy the late payment for purposes of establishing habitual late payment of rent.

**FAILURE TO PAY.** Pursuant to Civil Code Section 1785.26, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting

Page | 5 of 11

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell

31

agency if you fail to fulfill the terms of your credit obligations, such as your financial obligations under the terms of this Agreement.

**DEFAULTS.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 5 days (or any other obligation within 10 days) after written notice of such default is provided by Landlord to Tenant, Landlord may elect to cure such default and the cost of such action shall be added to Tenant's financial obligations under this Lease. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**TERMINATION CLAUSE.** Tenant may, upon 60 days written notice to Landlord, terminate this lease provided that the Tenant pays a termination charge equal to 3 months' rent or the maximum allowable by law, whichever is less. Termination will be effective as of the last day of the calendar month following the end of the 60 day notice period. Termination charge will be in addition to all rent due up to the termination day.

**MILITARY TERMINATION CLAUSE.** In the event, the Tenant is, or hereafter becomes, a member of the United States Armed Forces on extended active duty and hereafter the Tenant receives permanent change of station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or separates from the military, or is ordered into military housing, then in any of these events, the Tenant may terminate this lease upon giving thirty (30) days written notice to the Landlord. The Tenant shall also provide to the Landlord a copy of the official orders or a letter signed by the tenant's commanding officer, reflecting the change, which warrants termination under this clause. The Tenant will pay prorated rent for any days (he/she) occupy the dwelling past the first day of the month. Any security deposit will be promptly returned to the tenant, provided there are no damages to the premises.

**HOLDOVER.** If Tenant maintains possession of the Premises for any period after the termination of this Lease ("Holdover Period"), Tenant shall pay to Landlord lease payment(s) during the Holdover Period at a rate equal to the normal payment rate set forth in the Renewal Terms paragraph.

**CUMULATIVE RIGHTS.** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

**REMODELING OR STRUCTURAL IMPROVEMENTS.** Tenant shall be allowed to conduct construction or remodeling (at Tenant's expense) only with the prior written consent of the Landlord which shall not be unreasonably withheld. At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) any such fixtures, and shall restore the Premises to substantially the same condition that existed at the commencement of this Lease.

---

Page | 6 of 11

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell _____

---

30

Upon prior written consent of Landlord, Tenant may install satellite dishes within the Premises. If allowed, the Satellite Dish must be installed WITHIN the exterior boundaries of the Premises or inside balcony railings or window. The Satellite Dish must be mounted so as to not be visible from the street or in any other way negatively impact the outward appearance of the building.

The Satellite Dish must be securely and properly mounted in a workman-like manner by a licensed contractor. Installation and maintenance of the Satellite Dish must not damage the Premises or its walls in any way. The Tenant remains strictly liable for any injury or damage to persons or property caused by the satellite dish and Tenant MUST maintain sufficient liability coverage against any such injury or damage. Proof of such insurance MUST BE provided to Landlord, with Landlord listed as an additional insured, prior to approval of installation and upon each renewal of coverage.

**ACCESS BY LANDLORD TO PREMISES.** Landlord shall have the right to enter the Premises pursuant to California Civil Code Section 1954. According to this agreement, reasonable notice shall mean that the Landlord will provide 30 days written notice of its intention to enter the Premises.

**ACCOMMODATION.** Landlord agrees to comply with all applicable laws providing equal housing opportunities. To ensure compliance, Landlord will make reasonable accommodations for the physical or mental limitations of an individual with a disability who is an occupant or tenant. It is the occupant or tenants responsibility to make Landlord aware of any required accommodation in writing. The individual with the disability should specify the nature and effect of the disability and any accommodation he or she needs. Verification of disability from a local or state agency may be required.

**DANGEROUS MATERIALS.** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant to Landlord.

**ASBESTOS.** The Premises may contain asbestos or have original construction materials that contain asbestos.

Damaging or disturbing the surface of asbestos-containing materials may increase the risk of exposure. Therefore, Tenant and Tenants guests, contractors or invitees shall not allow any action which may, in any way, disturb asbestos-containing materials or any part of the premises that may contain asbestos or asbestos-containing materials. Tenant shall notify Landlord immediately if Tenant knows or suspects that an asbestos-containing material has been disturbed or if Tenant becomes aware of any asbestos-containing material that is showing signs of deterioration.

**COMPLIANCE WITH REGULATIONS.** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other

---

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell

authorities, and the fire insurance underwriters. However, Tenant shall not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature.

**ASSIGNABILITY/SUBLETTING.** Tenant may not assign or sublease any interest in the Premises, nor assign, mortgage or pledge this Lease. This is a blanket prohibition, meaning no replacement tenant(s) will be permitted and no additional tenant or occupant will be allowed in the Premises even if a Tenant leaves the Premises. This prohibition applies to each and every term of this Lease in regard to space leased to Tenant. Any waiver of this prohibition must be secured from the Landlord in writing. In the event the prohibition is invalidated or lifted, Tenant, Landlord and any subtenant or assignee agrees to be bound by each and every provision contained in this Lease.

**INSPECTION OF PREMISES.** Tenant has inspected the Premises, furnishings and equipment including smoke detectors, where applicable, and finds the Premises to be satisfactory and in good working order. All plumbing, heating and electrical systems are operative and deemed satisfactory by Tenant if Landlord is not notified in writing to the contrary within 48 hours of occupancy of the Premises.

**LEAD DISCLOSURE.** Many homes and apartments built before 1978 have paint that contains lead (called lead-based paint). Lead from paint chips and dust can pose serious health hazards if not taken care of properly. The law requires that tenants and lessees receive certain information before renting pre-1978 housing. By signing this Lease, Tenant represents and agrees that Owner has provided Tenant with such information, including, but not limited to the EPA Booklet Entitled Protect Your Family From Lead In Your Home, Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards.

**NOTICE.** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed to the party at the appropriate address set forth below. Such addresses may be changed from time to time by either party by providing notice as set forth below. Notices mailed in accordance with these provisions shall be deemed received on the third day after posting.

**LANDLORD:**

Kelly Lynn Randle Family Trust
39252 Winchester Road, #107-338
Murrieta, CA 92563

---

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell 

---

34

<u>**TENANT:**</u>

Fred Mitchell
1579 Cedarspring Dr
Hemet, CA 92545

Such addresses may be changed from time to time by either party by providing notice as set forth above.

**HAZARDOUS MATERIALS DISCLOSURE.** Pursuant to the regulations of Proposition 65, enacted by the voters of California, Landlord hereby makes the following required disclosure: Warning - The Premises contains chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

**MEGAN'S LAW.** The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code.

**Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.**

**GOVERNING LAW.** This Lease shall be construed in accordance with the laws of the State of California.

**ENTIRE AGREEMENT/AMENDMENT.** This Lease contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

**SEVERABILITY.** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

---

Page | 9 of 11

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell 

---

35

**WAIVER.** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

**BINDING EFFECT.** The provisions of this Lease shall be binding upon and inure to the benefit of both parties and their respective legal representatives, successors and assigns.

**LANDLORD:**

Kelly Randle as Trustee for: Kelly Lynn Randle Family Trust

**TENANT:**

Fred Mitchell

**RECEIPT**

By Signing above Landlord hereby acknowledges receipt and Tenant acknowledges the payment of the following:

Security Deposit: $1,900.00

Total Collected: $1,900.00

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell _____

# PROPERTY INSPECTION CHECKLIST

Address        : 1579 Cedarspring Dr
City,State,Zip : Hemet, CA 92545

Walk Through Inspection Date _April 3, 2008_

1. Swimming pool pump broken and does not filter pool water.
2. Pool heater does not work.
3. Window screens on all windows torn and unserviceable.
4. Alarm system does not work
5. Kitchen oven does not work
6. Built in microwave does work
7. Dishwasher does not work and leaks water
8. Kitchen sink backs up into dishwasher and the water is foul and must be scooped out
9. Kitchen faucet and plumbing leaks
10. Cabinet walls and floor under kitchen sink is rotted out and moldy
11. Garbage disposal does not work
12. Garbage disposal leaks and is rusted out
13. Kitchen sink leaks around all drains
14. Air conditioning unit does not work and a/c fan seems clogged and blows dust from vents
15. When heat is on, the air smells burned
16. Kitchen cabinet next to refrigerator is moldy and rotting
17. All bathroom faucets leak
18. All shower heads leak
19. Master bath shower glass doors broken and fall off rails without warning
20. Master bath cabinets under sink rotting and moldy
21. Master bath window does not lock, lock is broken
22. Front door lock is broken
23. Garage door opener is broken and door is heavy and falls
24. Carpet in all the bedrooms is dirty, moldy, and smells like cat urine
25. Walls are unpainted and covered in cigarette smoke residue
26. All window blinds are broken and will not close or raise fully
27. Drain plugs missing or broken in all bathroom sinks and in the second bathroom tub
28. Patio door blinds broken, missing slats, and will not close
29. Oil stains in front driveway

**TENANT:**

_J. Mitchell_
Fred Mitchell

Landlord: Kelly Lynn Randle Family Trust

Tenant: Fred Mitchell _____

Page | 11 of 11

37

DOC # 2008-0162732
04/02/2008 08:00A Fee:15.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Kelly Lynn Randle Family Trust
39252 Winchester Road
107-358
Murrieta, Ca 92563

| S | R | U | PAGE | SIZED | A | MISC | LONG | RFD | COPY |
|---|---|---|------|-------|---|------|------|-----|------|
| I | | | 3 | | | | | | 5 |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM 701 |
| DTT: Ø | | | | | | T: | | CTY | UNI |

Space above this line for recorder's use only

TRA: Ø
DTT:

Quick Claim Deed
Title of Document

C
701

# THIS AREA FOR RECORDER'S USE ONLY

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

ACR 236-ASI4P&D (Rev 08/2007)

p.1

38

# QUIT CLAIM DEED

The GRANTOR, Kelly Lynn Randle, hereby transfers, conveys and quit claims to the **Kelly Lynn Randle Family Trust**, GRANTEE, the right, title and interest, if any, which GRANTOR may have in the following described real estate:

|  |  |
|---|---|
| Street Address: | **1579 Cedar Spring Drive** |
| City: | **Hemet** |
| State: | **California** |
| Zip Code: | **92545** |
| County: | **Riverside** |
| Assessors Parcel No.: | **460111049-0** |
| Lot: | **32** |
| MB: | **288/024** |
| Tr: | **24124** |

on this, the 1st day of April , 2008

Kelly Lynn Randle, GRANTOR

---

## NOTARY PUBLIC

STATE OF _____, COUNTY OF _____

On this day personally appeared, before me Kelly Lynn Randle, to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal on this _____, day of _____, 20___.

_____

Notary Signature

My Commission Expires: _____

See attached
for notary acknowlegement

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

STATE OF CALIFORNIA    }
                       } S.S.
COUNTY OF Riverside     }

On  4.02.08  , before me, Nathalie D. Schmeiss
a notary public in and for said State, personally appeared  Kelly Lynn Randle
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature  Nathalie D Schm                     (Seal)

NATHALIE D. SCHMEISS
COMMISSION #1766692
Notary Public - California
RIVERSIDE COUNTY
My Commission Expires
OCTOBER 6, 2011

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying
on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document:  Quit Claim Deed

Document Date:  April 1, 2008          Number of Pages:  1

Signer(s) other than named above  N/A

## CAPACITY(IES) CLAIMED BY SIGNER(S)

☐ INDIVIDUAL

☐ CORPORATE OFFICER(S)
   TITLE(S) _____

☐ PARTNER(S)-   ☐ LIMITED
                ☐ GENERAL

☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)

☐ GUARDIAN OR CONSERVATOR

☐ OTHER _____
        _____

| Right Thumbprint
Of Signer |
| Top of thumb here |

☐ INDIVIDUAL

☐ CORPORATE OFFICER(S)
   TITLE(S) _____

☐ PARTNER(S)-   ☐ LIMITED
                ☐ GENERAL

☐ ATTORNEY-IN-FACT

☐ TRUSTEE(S)

☐ GUARDIAN OR CONSERVATOR

☐ OTHER _____
        _____

| Right Thumbprint
of Signer |
| Top of thumb here |

## SIGNER IS REPRESENTING:

_____     _____

_____     _____

p.3



**AAM** PROPERTY MANAGEMENT

*"Quality Living From The Team Who Cares"*

# LEASE AGREEMENT

THIS AGREEMENT is made and entered into this 30th day of August (Month) 2013 (Year) between AAM Property Management, "AAM", whose address and phone number are: 2370 Meadows Ave. (Address), Merced (City), California, (209) 722-7211 (Phone #), and Kelly Randle (Name); Ben (Name) (individually or collectively, "Resident").

## THE PARTIES AGREE AS FOLLOWS:

1. **RENTAL UNIT:** Subject to the terms and conditions of this Agreement, AAM rents to Resident and Resident rents from AAM, for residential use only the premises located at: 2330 Meadows Ave. Unit D Unit D Merced (City), CA, 95348 (Zip code).

2. **RENT:** Rent is due in advance by the 1st day of each and every month, at $500 per month, beginning on 9/1/13 (Date), and payable to: Meadowlark Apts at the address above. Payments made in person may be delivered to AAM between the hours of 10:00am and 4:00pm Monday through Friday.
   a. Acceptable Methods of Payment: Resident may pay using a personal check, cashier's check, or money order. Cash will **NOT** be accepted.
   b. Late Rent: If rent is paid after the 5th day of the month, there will be a late charge of $50 assessed. The parties agree that this late fee is presumed to be the amount of damage sustained by late payment of rent. It would be impracticable or extremely difficult to fix the actual damage. This sum represents a reasonable endeavor by the AAM to estimate fair average compensation for any loss that may be sustained as a result of late payment of rent. Pursuant to California law, if Resident passes a check on insufficient funds, Resident will be liable to AAM for the amount of the check and a service charge of $25 for the first check passed on insufficient funds, and $35 for each subsequent check passed on insufficient funds. AAM may refuse a personal check as the form of rent payment to cure a Three-Day Notice to Pay Rent or Quit.

3. **ELECTRONIC PAYMENT NOTICE.** By paying your rent by check, please be aware that you are authorizing AAM to use the information on your check to make a one-time electronic payment from your checking account. The electronic payment will be for the amount indicated on your check and may be withdrawn from your bank account as soon as the same day payment is received. Please note that your check will not be returned by the financial institution but will instead appear under the "Electronic Items" section on your bank statement.

4. **SECURITY DEPOSIT:** Resident shall deposit with AAM, as a security deposit, the sum of $500 prior to taking possession of the unit. Resident shall not use the security deposit to pay any month's rent. AAM may withhold from the security deposit only such amounts as are reasonably necessary to remedy the Resident's defaults including, but not limited to, the following:
   a. Defaults in the payment of rent,
   b. To repair damages to the premises caused by Resident, exclusive of ordinary wear and tear, and/or
   c. To clean the premises, if necessary, upon termination of the tenancy in order to return the unit to the same level of cleanliness it was at the inception of the tenancy, and/or
   d. To restore, replace, or return personal property or appurtenances, exclusive of ordinary wear and tear.

   Resident is hereby advised that AAM *must* charge the Resident for any costs associated with bringing the Resident's unit to the same condition in which it was received by the Resident (exclusive of ordinary wear and tear). For example, if Resident receives a carpet that has been professionally-cleaned upon move-in, Resident, upon move-out, is expected to return to AAM a professionally-cleaned carpet.

   All costs charged to Resident associated with bringing the Resident's unit to the condition in which it was received will be the costs actually incurred by the owner of the building. Resident is further advised and agrees that, in the event AAM personnel are needed clean or repair the Resident's unit, Resident will be charged $25.00/hour in addition to the cost of the supplies.

   No later than 21 calendar days after AAM has regained possession of the premises, AAM shall return any remaining portion of such security deposit to Resident. Any remaining portion of the security deposit shall be returned in the form of a single check made out to the Resident listed above.

5. **PERIMETER GATE KEYS:** In the event that the property has a locking perimeter gate, Resident shall be provided with two keys to the perimeter gate ("Gate Key"). In the event Resident requires a replacement Gate Key, Resident must pay

Resident Initials: KR

1

41

 **AAM** PROPERTY MANAGEMENT

"Quality Living From The Team Who Cares"

Thirty Dollars ($30) for each replacement Gate Key. *Upon vacating the property, Resident must return all Gate Keys to AAM and will be charged Thirty Dollars ($30) for each Gate Key that is not returned to AAM.*

6. **ELECTRONIC ACCESS GATE:** In the event that the property has a remotely controlled access gate used to access the parking of the property, Resident may. in AAM's sole and absolute discretion, receive a remote control to operate the access gate by: (i) depositing an additional Thirty Dollars ($30) with AAM for every remote control received, (ii) providing to AAM every Twelve (12) months, a copy of a valid registration of Resident's vehicle, and (iii) providing to AAM every Twelve (12) months a copy of valid insurance on Resident's vehicle. The additional money deposited will be credited towards Resident's security deposit. *Upon vacating the property, Resident must return all remote controls to AAM and will be charged Thirty Dollars ($30) for each remote control that is not returned to AAM.*

7. **TERM:** The term of this Agreement is for 12 months _____ (Term), beginning on 9 | 1 | 13 (Date) and ending on 9 | 1 | 14 (Date), at which time this Lease shall terminate without further notice. After the expiration of the Term, a "month to month" tenancy subject to all terms and conditions of this agreement shall be created only if AAM accepts rent from the Resident after the expiration of the Term. In such event, the resident's rent shall increase by Thirty Five Dollars ($35.00) per month unless the Resident signs a new lease with AAM for a different rental amount. If a "month to month" tenancy is created, such tenancy may be terminated by Resident after service upon AAM of a written 30-day Notice of Termination. Except as prohibited by law, that month-to-month tenancy may be terminated by AAM by service upon the Resident of a written 60-day notice of termination of tenancy. However, Civil Code Section 1946.1 provides that "if any tenant or resident has resided in the dwelling for less than one year," AAM may terminate the tenancy by service upon the Resident of a written 30-day notice.

8. **UTILITIES:** Resident shall pay for all utilities, service and charges, if any, made payable by or predicated upon occupancy of the Resident, except *sewer, garbage* and *water*. Resident shall have the electricity connected at all times during the tenancy. Disconnection of electricity due to non-payment is a material violation of this Agreement.

9. **NOISE AND CONDUCT:** Resident shall not make or allow any excessive noise in the unit nor permit any actions which will interfere with the rights, comforts or conveniences of other persons. Resident shall refrain from playing musical instruments, television sets, stereos, radios, and other devices at a volume which will disturb other persons. Resident shall refrain from activities and conduct outside of the unit (in common areas, parking areas, or recreational facilities) which are likely to annoy or disturb other persons. Resident shall refrain from creating, or allowing to be created, any noise that is disturbing to other residents between the hours of 9:00 p.m. and 8:00 a.m.

10. **CLEANLINESS AND TRASH:**
    a. Resident shall keep the unit clean, sanitary and free from objectionable odors at all times.
    b. Resident shall ensure that papers, cigarette butts and trash are placed in appropriate receptacles so that litter is not created on or about the Resident's unit.
    c. Resident shall ensure that trash and other materials are not permitted to accumulate so as to cause a hazard or be in violation of any health, fire or safety ordinance or regulation.
    d. Resident shall ensure that garbage is not permitted to accumulate and that it is placed on a daily basis in the trash containers provided for that purpose. Resident shall be responsible, at Resident's expense, for hauling to the dump those items too large to fit in the trash containers.
    e. Resident shall refrain from leaving trash or other articles in the hallways or other common areas and out of view.
    f. Resident shall refrain from shaking or hanging clothing, curtains, rugs, and other coverings and cloths outside of any window, ledge, or balcony.
    g. Resident shall refrain from disposing of any combustible or hazardous material in trash containers or bins.

11. **NEIGHBORHOOD CONDITIONS:** Resident is advised and agrees to satisfy him or herself as to the neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any speed-wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction, development that may affect noise, view or traffic, airport noise, noise or odor from any source, wild and domestic animals, or other nuisance, hazards, or circumstances, cemeteries, facilities and conditions of common areas, conditions and influence of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Resident.

12. **OCCUPANTS:** Premises shall be occupied only by the following named person(s):

Brittney Mitchell 2-13-96 (951) 537-8321     (Name, Birthdate, Phone Number)
_____ (Name, Birthdate, Phone Number)
_____ (Name, Birthdate, Phone Number)
_____ (Name, Birthdate, Phone Number)

Any occupancy by other individual(s) is a material violation of this Agreement.

Resident Initials: _BM_

2

 **AAM** PROPERTY MANAGEMENT

"Quality Living From The Team Who Cares"

All occupants over the age of 18 **must** be named as a "Resident" on the lease.  All Residents must complete and pass "credit and background" screening, pay the application fee, sign the lease and will be responsible to comply with the terms of the lease including, but not limited to, payment of rent and payment for any damage caused to the unit.

13. **GUESTS:** Guests who stay more than five (5) days in a month period constitutes a breach of the Agreement.  At the discretion of the AAM, guests may be required to go through the application process and, if approved, must sign a Rental/Lease Agreement.  Should any guest of Resident violate this Agreement, Resident hereby agrees to be held accountable for said violation as though it was committed by Resident.

14. **LOCK-OUT:** Resident may be assessed a charge of $25.00 for any lock-out.

15. **PROHIBITIONS:** No waterbeds, charcoal burners or other open-flame cooking devices, or liquefied petroleum gas fueled cooking devices ("grills") shall be kept on the premises.

16. **PETS:** This property ☐ Does, or ☐ Does **NOT** allow pets.  Notwithstanding the foregoing, AAM reserves the right to allow or disallow pets depending on the type of pet.

In the event the Resident is allows a pet(s), the following rules and regulations shall apply.
   a.  The Resident must pay an additional pet deposit of $200.00 for **each** pet kept in the unit;
   b.  The Resident must pay an additional $25.00 per month of "pet rent" for **each** pet kept in the unit;
   c.  The Resident must reside on the first floor of the building;
   d.  The Resident's pet may not exceed 40 lbs;
   e.  Under no circumstance may a resident have a dog which has traces of any of the following breeds: (i) Pit Bull, (ii) Bull Mastiff (iii) Rottweiler; (iv) German Shepherd; (v) Husky; (vi) Chow Chow; (vii) Doberman Pinscher; (viii) Akita; (viv); or Wolf.
   f.  The Resident must pick up after his/her pet.  Resident understands and agrees that Resident **must** be charged $25.00 for each time the Resident does not clean up after any damage or mess the Resident's pet causes the premises including leaving excrement.

Resident acknowledges and agrees that, in the event Resident obtains a pet, Resident shall immediately notify AAM.  In the event Resident does not notify AAM and AAM discovers Resident has brought a pet onto the premises, AAM reserves the right to immediately terminate this Agreement.

Resident hereby discloses the Resident has the following pets:

| Type of Pet: | Size of Pet: | Pet Name: |
| --- | --- | --- |
| Pomeranian | 7 lbs. | Nala |

17. **QUIET ENJOYMENT:** Residents and Resident's guest(s) shall not violate any criminal or civil law, ordinance or statute in the use and occupancy of the premises, commit waste or nuisance, annoy, molest or interfere with any other person on the property, or neighbor.  Any such action may result in the immediate termination of this Agreement as provided herein and by law.

18. **REPAIRS AND ALTERATIONS:** Resident shall make a written request to AAM regarding any repairs, decorations or alterations contemplated.  Except as provided by law, no repairs, decorating or alterations shall be done by Resident without AAM's prior written consent.  This includes, but is not limited to, painting, wallpapering, and changing locks.  Resident may not make any alteration to cable or telephone inside wiring (such as may occur when changing telecommunications providers or adding phone lines) without prior written consent of AAM.  The consent request regarding proposed alterations to inside wiring shall include the name, address, and telephone number of any new telecommunications providers.  Resident shall hold AAM and the owner of the premises harmless and indemnify AAM and the owner of the premises as to any mechanic's lien recordation or proceeding caused by Resident.  Resident agrees to pay all costs resulting from the alteration and agrees to pay to AAM any caused by Resident.  Resident agrees to pay all costs resulting from the alteration and agrees to pay AAM any costs associated with restoring the inside wiring to the condition at the time of move-in, except for reasonable wear and tear.

19. **SAFETY AND SECURITY:**
   a.  Security is the responsibility of each Resident and each guest.  **Neither AAM nor the owner of the premises assume responsibility or liability,** unless otherwise provided by law, for Resident's and guests' safety and security, or for injury or damage caused by the criminal acts of other persons.
   b.  Resident shall ensure that all doors are locked during Resident's absence.  Resident must notify AAM if locks become inoperable.

**Resident Initials:** NN

3

43

 **AAM** PROPERTY MANAGEMENT

"Quality Living From The Team Who Cares"

   c. Resident shall ensure that all appliances are turned off before departing from the premises.
   d. When leaving for more than one week, Resident should notify AAM how long Resident will be away.
   e. Prior to any planned absence from the unit, Resident shall provide AAM with the name of any person or entity permitted by Resident to enter the unit.
   f. Resident shall refrain from smoking in bed.
   g. Resident shall refrain from using or storing gasoline, cleaning solvent or other combustibles in the unit.
   h. Resident shall ensure that no personal belongings, including bicycles, play equipment or other items shall be left unattended in the halls, stairways or about the building.

20. **ACCEPTANCE OF PREMISES:** Resident has inspected the premises, furnishings and equipment, and has found them to be satisfactory. All plumbing, heating and electrical systems are operative and deemed satisfactory.

21. **VIDEO SURVEILLANCE:** Resident has been advised and agrees that the premises is monitored by 24 hour video-surveillance. This camera surveillance is for the safety and protection of our residents. It is also used to control and reduce any criminal activity that may occur within the complex. Cameras in place are constantly recording whatever is within the range of view, and may be monitored by AAM, security, or law enforcement personnel.

22. **CARE, CLEANING, MAINTENANCE AND INSURANCE:**
   a. <u>Resident agrees to leave the premises in the same condition as it was received</u>, subject to normal wear and tear. Resident acknowledges that the damage caused by smoking tobacco products is considered above normal wear and tear and will damage surfaces and fixtures, including the carpet, wallboard, window coverings and ceilings. Depending on the severity of the damage, costs for restoration of the unit may include, but are not limited to, cleaning, sealing, painting, deodorizing, and possible replacement of fixtures and various surface materials.
   b. Upon move-out, Resident agrees to return the unit to the same level of cleanliness it was at the inception of the tenancy. Resident shall pay AAM for costs to repair, replace or rebuild any portion of the premises damaged by the Resident, Resident's guests or invitees.
   c. <u>Resident's property is not insured by AAM</u>. Resident is not a co-insured and is expressly excluded from any insurance policy held by AAM which is now in effect or becomes effective during the term of this Agreement.
   d. Resident shall advise AAM of any items requiring repair, such as light switches or dripping faucets. Resident shall make repair requests as soon after the defect is noted as practical.
   e. Resident shall submit all service requests to the manager in writing and shall refrain from making service requests directly to maintenance personnel.
   f. Resident shall refrain from making any alterations or improvements to the unit without the written consent of AAM.
   g. Resident shall refrain from using adhesives, glue or tape to affix pictures or decorations.
   h. <u>Resident is responsible for any damage caused to the unit OR the premises by the Resident or the Resident's family, invitees, or guests.</u> Costs associated with the repair of any damage causes to the unit or the premises by the Resident or the Resident's family, invitees or guests are the responsibility of the Resident. This may include, but is not limited to:
      1) Clearance and repairs associated with stoppages in waste pipes or drains, water pipes or plumbing fixtures caused by negligence or improper usage;
      2) Damage to the parking lots (including oil spills);
      3) Infestation of pests, including, but not limited to lice and bedbugs;
      4) Damage to the landscaping of the premises;
      5) Damage to doors, locks, walls, fixtures, electrical wiring, appliances, flooring, cabinets, windows, blinds or anything else located in the unit or on the premises.

<u>Resident acknowledges and agrees that Resident shall reimburse AAM for these costs upon demand by AAM.</u> Resident understands and agrees that Resident will pay $25.00 per hour worked by AAM personnel to repair such damage in addition to the cost of supplies or subcontractors needed for such repair, replacement, or rebuilding.

23. **PARKING:**
   a. Resident shall ensure that posted and designated fire zones or "No Parking" areas remain clear of vehicles at all times. Resident shall refrain from parking in unauthorized areas or in another resident's designated parking space. <u>Vehicles parked in unauthorized areas or in another resident's designated space may be towed away at the vehicle owner's expense.</u>
   b. Only currently registered vehicles with inflated tires may be parked on the property. A vehicle that lacks an engine, transmission, wheels, tires, doors, windshield, or any other major part or equipment necessary to operate safely on the highways, is subject to tow under California *Vehicle Code* 22658. Vehicles parking in violation of local laws/ordinances are subject to tow.

Resident certifies that the occupants have the following vehicles:

Resident Initials: _____

4



**AAM** PROPERTY MANAGEMENT

"Quality Living From The Team Who Cares"

| Color | Make: | Model: | Year: | License: |
|-------|-------|--------|-------|----------|
| BIK | MB | C280 | '94 | DRMTCHC |

24. **POOL RULES:** In the event the property has a pool, the following rules shall apply:
   a. The pool is to be used only between the hours of 10:00 a.m. and 5:00 p.m. during the seasonal time period that it is open.
   b. The pool is reserved exclusively for use of the residents of the building and their guests.
   c. Children under the age of fourteen (14) shall not use the pool without an adult in attendance.
   d. No food may be served or eaten in or around the pool area at any time without AAM's consent.  Refreshments must be served in unbreakable containers.
   e. No alcoholic beverages shall be served or consumed in or around the pool area at any time.  No person under the influence of alcoholic beverages is permitted in or near the pool.
   f. Running and jumping, "horseplay", fighting, boisterous or dangerous conduct, and/or any noisy behavior disturbing to the other residents, is forbidden in or around the pool area.
   g. No radios, record players, or other musical instruments may be used in or around the pool area without consent of the AAM.
   h. Residents and their guests are required to be properly attired at all times, going to and from and in or around the pool area.
   i. Showering is required prior to using the pool.  Those using the Pool shall dry themselves off before leaving the Pool area.
   j. Residents and guests will place their own towels over pool furniture when using suntan oil or other lotions.
   k. No toys, inner tubes or any other objects whatsoever will be allowed in the pool at any time.
   l. Safety equipment is not to be used except in the case of emergency.
   m. *NO LIFEGUARD WILL BE ON DUTY.*
      1)Persons using pool facilities do so at their own risk.
      2)Neither AAM nor the owner of the property is responsible for accident or injury.
      3)Neither AAM nor the owner of the property is responsible for articles lost, damaged or stolen.

25. **TEMPORARY RELOCATION:** Subject to local law, Resident agrees, upon demand of AAM, to temporarily vacate the premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests, or organisms, or other repairs to the premises.  Resident agrees to comply with all instructions and requirements necessary to prepare the premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables.

26. **WAIVER OF BREACH:** The waiver of either party of any breach shall not be construed to be a continuing waiver of any subsequent breach.  The receipt by AAM of the rent with the knowledge of any violation of a covenant or condition of this agreement shall not be deemed a waiver of such breach.  No waiver by either party of the provisions herein shall be deemed to have been made unless expressed in writing and signed by all parties to this Agreement.

27. **JOINT AND SEVERAL LIABILITY:** The undersigned Resident(s), whether or not in actual possession of the premises, are jointly and severally liable for all obligations under this Agreement and shall indemnify AAM for liability arising prior to the return of possession to the AAM for personal injuries or property damage caused or permitted by Resident(s), their guests, and invitees.  This does not waive "AAM's duty of care" to prevent personal injury or property damage where that duty is imposed by law.

28. **ENTRY:** California law allows AAM or his/her employee(s) to enter the premises for certain purposes during normal business hours.  The AAM will provide written notice to the Resident prior to the entry of the dwelling unit whenever required by state law.  (Civil Code Section 1954.)  Resident's non-compliance with AAM's lawful request for entry is a material breach of this Agreement that may be caused for immediate termination as provided herein and by law.

29. **SUBLETTING AND ASSIGNMENT:** No portion of the premises shall be sublet nor this Agreement assigned.  Any attempted subletting or assignment by Resident shall, at the election of the AAM, be an irremediable breach of this Agreement and cause for immediate termination as provided herein and by law.

30. **BREACH OF LEASE:** In the event that Resident breaches this Lease Agreement, AAM shall be allowed at AAM's discretion, but not by way of limitation, to exercise any or all remedies provided AAM by California Civil Code Section 1951.2 and 1951.4.  Damages AAM "may recover" include the worth at the time of the award of the amount by which the unpaid rent for the balance of the term after the time of award, or for any shorter period of time specified in the Lease Agreement, exceeds the amount of such rental loss for the same period that the Resident proves could be reasonably avoided.

31. **SALE OF PROPERTY:** In the event of the sale or refinance of the property:  If AAM presents to Resident a "Resident's Certification of Terms – Estoppel Certification." Or other similar Estoppel Certification form, Resident agrees to execute and deliver the certificate acknowledging that this Agreement is unmodified and in full force and effect, or in full force and effect

Resident Initials: _____

5



"Quality Living From The Team Who Cares"

as modified with the consent of AAM, and stating the modifications, within ten (10) days of written notice. Failure to comply shall be deemed Resident's acknowledgement that the certificate as submitted by AAM is true and correct and may be relied upon by any lender or purchaser.

32. **SMOKE DETECTION DEVICE:** The premises are equipped with a functioning smoke detection device(s), and Resident shall be responsible for testing the device weekly and immediately reporting any problems, maintenance or need for repairs, in writing, to AAM. If battery operated, Resident is responsible for changing the detector's battery as necessary. AAM shall have a right to enter the premises to check and maintain the smoke detection device as provided by law.

33. **NOTICE:** Pursuant to section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include the address at which the offender resides or the community of residents and ZIP Code in which he or she resides.

34. **LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS:** Lead from paint, paint chips, and dust can pose health hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, landlords must disclose the presence of known lead-based paint and lead-based paint hazards on the dwelling. Resident must also receive a Federally approved pamphlet on lead poisoning prevention. AAM has no knowledge of lead-based paint and/or lead-based paint hazards on the property, however, AAM has every reason to believe lead-based paint and/or lead-based paint hazards exist on the property. Resident certifies that they have been advised of the presence of lead-based paint and/or led-based paint hazards on the property and received the pamphlet: *Protect Your Family from Lead in Your Home.* Resident further assumes any and all risks associated with exposure to lead-based paint and/or lead-based paint hazards and waives any and all claims against AAM, AAM's employees or agents regarding injury resulting from lead-based paint on the property.

35. **ASBESTOS:** This property may contain asbestos. Disturbance or damages to certain interior apartment surfaces may increase the potential exposure to these substances. Resident or the Resident's guest(s), employees and contractors shall not take or permit any action which in any way damages or disturbs the premises or any part thereof, including, but not limited to: (i) piercing the surface of the ceiling by drilling or any other method; (ii) hanging plants, mobiles, or other objects from the ceiling; (iii) attaching any fixtures to the ceiling; (iv) allowing any objects to come into contact with the ceiling; (v) permitting water or any liquid, other than ordinary steam condensation, to come into contact with the ceiling; (vi) painting, cleaning, or undertaking any repairs of any portion of the ceiling; (vii) replacing light fixtures; (viii) undertaking any activity which results in building vibrations that may cause damage to the ceiling. Resident shall notify AAM immediately in writing (i) if there is any damage to or deterioration of the ceiling in the premises or any portion thereof, including, without limitation, flaking, loose, cracking, hanging or dislodged material, water leaks, or stains in the ceiling, or (ii) upon the occurrence of any of the events described above.

36. **MOLD NOTIFICATION:** It is our goal to maintain the highest quality living environment for our residents. The AAM has inspected the unit prior to lease and knows of no damp or wet building materials and knows of no mold or mildew contamination. Manager's confirmation (signature) . Resident is hereby notified that mold, however, can grow if the premises are not properly maintained or ventilated. If moisture is allowed to accumulate in the unit, it can cause mildew and mold to grow. It is important that Residents regularly allow air to circulate in the apartment. It is also important that Residents keep the interior of the unit clean and that they promptly notify AAM of any leaks, moisture problems, and/or mold growth. Resident hereby agrees to maintain the premises in a manner that prevents the occurrence of an infestation of mold or mildew in the premises. Resident agrees to uphold this responsibility in part by complying with the following list of responsibilities: (i) Resident agrees to keep the unit free of dirt and debris that can harbor mold; (ii) Resident agrees to immediately report to AAM any water intrusion, such as plumbing leaks, drips, or "sweating" pipes; (iii) Resident agrees to notify AAM of overflows from bathroom, kitchen, or unit laundry facilities, especially in causes where the overflow may have permeated walls or cabinets; (iv) Resident agrees to report to AAM any significant mold growth on surfaces inside the premises; (v) Resident agrees to allow AAM to enter the unit to inspect and make necessary repairs; (vi) Resident agrees to use bathroom fans while showering or bathing and to report to AAM any non-working fan; (vii) Resident agrees to use exhaust fans whenever cooking, dishwashing, or cleaning; (viii) Resident agrees to use all reasonable care to close all windows and other openings in the premises to prevent outdoor water from penetrating into the interior unit; (ix) Resident agrees to clean and dry any visible moisture on windows, walls, and other surfaces, including personal property, as soon as reasonably possible (mold can grow on damp surfaces within 24 hours); (x) Resident agrees to notify AAM of any problems with the air conditioning or heating systems that are discovered by the Resident; (xi) Resident agrees to indemnify and hold harmless AAM from any actions, claims, losses, damages, and expenses, including, but not limited to, attorneys' fees that AAM may sustain or incur as a result of the negligence of the Resident or any guest or other person living in, occupying, or using the premises.

37. **DRUG FREE HOUSING:** Resident, any member of Resident's household, or a guest or other person under the Resident's control shall not engage in criminal activity, including drug-related criminal activity, on or near the premises. "Drug-related

**Resident Initials:** _____

6

 AAM PROPERTY MANAGEMENT

"Quality Living From The Team Who Cares"

criminal activity" means the illegal manufacture, sale, distribution, use or possession with the intent to manufacture, sell, distribute, or use Controlled Substances 21 U.S. 802. Resident or members of the household will not permit the dwelling unit to be used for or to facilitate criminal activity, including drug-related criminal activity, regardless of whether the individual engaging in such activity is a member of the household or a guest. A single violation of any of the provisions of this paragraph shall be good cause for termination of this Agreement. Unless otherwise provided by law, proof of violation shall not require criminal conviction, but shall be by preponderance of the evidence.

38. **LIENS:** Resident shall keep the premises and property free and clear of all liens.

39. **INDEMNITY:** Resident agrees to indemnify and hold harmless AAM and the owner of the property from any actions, claims, losses, damages, and expenses, including, but not limited to, attorneys' fees that AAM or the owner may sustain or incur as a result of the negligence of the Resident or any guest or other person living in, occupying, or using the premises.

40. **ENTIRE AGREEMENT:** This Agreement, which includes all attachments referred to above, constitutes the entire Agreement between the parties and cannot be modified except in writing and signed by all parties, except as permitted by applicable law. Neither AAM, nor any agent or employee of AAM has made any representations or promises other than those set forth herein.

41. **CREDIT REPORTS:** A negative credit report reflected on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. Resident expressly authorizes AAM (including a collection agency) to obtain Resident's consumer credit report, which AAM may use if attempting to collect past due rent payments, late fees, or other charges from Resident, both during the term of the Agreement and thereafter.

42. **ATTORNEYS' FEES:** If any legal action or proceeding is brought by either party to enforce any part of this Agreement, the prevailing party shall recover, in addition to all other relief, reasonable attorneys' fees and court costs. Notwithstanding any provision in this Agreement, in no instance shall the prevailing party recover attorneys' fees and court costs in excess of Five Hundred Dollars ($500.00).

43. **ADDITIONAL PENALTIES:** Notwithstanding anything in this Agreement to the contrary and in addition to all other rights and remedies provided by this Agreement and by law, AAM shall, at its discretion, subject Resident to a penalty of up to Thirty Dollars ($30.00) for a violation of any provision within this Agreement. Notice of the penalty shall be delivered to Resident, in writing, by AAM and payable by Resident on the first day of the following month. Non-payment of a penalty assessed by AAM shall be a material violation of this Agreement, and subject Resident to, among other things, eviction proceedings.

44. **COMPLAINTS:** AAM Property Management is uniquely focused on being the best property management company available. In the event the Resident has a complaint about the manager or management of the premises, Resident is encouraged to submit such complaint in writing to: AAM Property Management, 840 Apollo St., Suite 313, El Segundo, CA 90245.

The undersigned Resident(s) acknowledge(s) having read and understood the foregoing, and receipt of a duplicate original.

8/30/13 (Date)                                         (Resident)

_____ (Date)                                  (Resident)

8/30/13 (Date)         Tracy McLeon (MANAGER)

Resident Initials:

7

4?

# EXHIBIT "B"

AFTER THIS PAGE

40

**Fred Mitchell**
1579 Cedarspring Dr • Hemet, CA 92545
Telephone (951) 925-8470


## VIA FACSIMILE TO HADI R. SAYED-ALI, ESQ (714) 481-9151

May 7, 2013

Atn: Hadi R. Sayed-Ali, Esq
Miles, Bauer, Bergstrom & Winters, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705

Re: <u>Notice To Quit Dated: April 17, 2013 and Delivered April 18, 2013</u>


Dear Mr. Sayed-Ali, Esq:

On April 18, 2013, I sent to you a certified letter and a fax informing you of my tenancy at 1579 Cedarspring Drive, Hemet, CA 92545. In that letter, I asked you for the name and address of the person or entity to whom I am to make my rent payments. I have heard nothing from you. Again, I respectfully request that you tell me to whom and where am I to send my rent payments of $950 per month. Today is May 7, 2013 and by all standards my rent would be late. However, I will not be held responsible for late rate, late fees, or an unlawful detainer action because you refuse to provide the legitimate mailing address and name of the new landlord.

Please contact me at 951-925-8470 as soon as possible. I do not wish to get off to bad start with the new landlord and I wish to make my rent payments timely.


Regards,


F. Mitchell


49

# EXHIBIT "C"

AFTER THIS PAGE

50

```
================================================
              HEMET MAIN OFFICE
              324 S STATE STREET
              HEMET, CA 92543-9998

04/19/2013                    04:59:26 PM
================================================

_____  Sales Receipt
Product          Sale    Unit      Final
Description      Qty     Price     Price
_____  _____  _____   _____

SANTA ANA, CA  92705                 $.86
Zone-1 First-Class Mail®
Letter
  0 lb  2.50 oz.
  * Expected delivery Monday, April 22.
Certified Mail™                     $3.10
%% Label #
9507 1000 1270 3109 0002 56
                                  ============
Issue Postage.                       $3.96

Total.                            ============
                                     $3.96

Paid by:
VISA                                 $3.96
   Account #:    XXXXXXXXXXXX9088
   Approval #:   955794
   Transaction # 152
   23-902490192-99

APC Transaction #:        37
USPS® #               * 053384-9550

%% To check on the delivery status of
this article, visit our Track &
Confirm website at USPS.com, use this
Automated Postal Center™ (or any
Automated Postal Center™ at other
Postal locations) or call
1-800-222-1811.

              Thanks.
     It's a pleasure to serve you.

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.
```

English     Customer Service     USPS Mobile                                    Register / Sign In


**USPS.COM**

## Track & Confirm

GET EMAIL UPDATES   PROOF OF DELIVERY

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | First Class Mail | Delivered | May 13, 2013, 11:29 am | SANTA ANA, CA 92705 | Expected Delivery By: May 10, 2013 Certified Mail |
| | | Depart USPS Sort Facility | May 13, 2013 | SANTA ANA, CA 92799 | |
| | | Processed through USPS Sort Facility | May 9, 2013, 11:49 pm | SANTA ANA, CA 92799 | |
| | | Depart USPS Sort Facility | May 9, 2013 | SANTA ANA, CA 92799 | |
| | | Depart USPS Sort Facility | May 9, 2013 | SAN BERNARDINO, CA 92403 | |
| | | Processed at USPS Origin Sort Facility | May 8, 2013, 9:34 pm | SAN BERNARDINO, CA 92403 | |
| | | Dispatched to Sort Facility | May 8, 2013, 4:43 pm | HEMET, CA 92543 | |
| | | Acceptance | May 8, 2013, 1:04 pm | HEMET, CA 92543 | |

### Check on Another Item

What's your label (or receipt) number?

LEGAL                    ON USPS.COM                    ON ABOUT.USPS.COM                    OTHER USPS SITES



₅₂

# EXHIBIT "D"

AFTER THIS PAGE





## Fwd: Successful transmission to 17144819151. Re: 1579 Cedarspring Drive

**Team QXT** <teamqxt@gmail.com>

To:

———— Forwarded message ————
From: <NoReply@myfax.com>
Date: Fri, Apr 19, 2013 at 6:47 AM
Subject: Successful transmission to 17144819151. Re: 1579 Cedarspring Drive
To: teamqxt@gmail.com

*my*fax

Dear kellylynn randle,

Re: 1579 Cedarspring Drive

The 15 page fax you sent through MyFax.com to 17144819151 was successfully transmitted at 2013-04-19 13:47:06 (GMT).

The length of transmission was 1147 seconds

The receiving machine's fax ID: 7144819152

If you need assistance, please visit our online help center at http://www.myfax.com/support/. Thank you for using the MyFax service.

myFax.com

6/13/13                           Gmail - Fwd: MyFax Notification - Fax Sent Successfully

 

## Fwd: MyFax Notification - Fax Sent Successfully

**Team QXT** <teamqxt@gmail.com>

\-\-\-\-\-\-\-\- Forwarded message \-\-\-\-\-\-\-\-
From: **MyFax Free** <myfaxfree@myfax.com>
Date: Tue, May 7, 2013 at 5:15 PM
Subject: MyFax Notification - Fax Sent Successfully
To: Fred Mitchell <teamqxt@gmail.com>

Dear Fred Mitchell:

Your fax to Hadi R Sayed-Ali at +1 (714) 481-9151 has been successfully sent.
Your fax was delivered at 5/8/2013 12:14:37 AM, and contained 2 page(s).

Thank you for choosing MyFax,
The MyFax Team
http://www.myfax.com

55

DISC-003/UD-106

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | UNLAWFUL DETAINER ASSISTANT |
|---|---|
| Kelly L. Randle, Fred Mitchell<br>1579 Cedarspring Drive<br>Hemet, CA. 92545 | (Check one box): An unlawful detainer assistant ☐ did ☑ did not for compensation give advice or assistance with this form. (If one did, state the following):<br>ASSISTANT'S NAME:<br>ADDRESS: |
| ATTORNEY FOR (Name): In Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Riverside
880 North State Street
Hemet, CA. 92543

TEL. NO.:
COUNTY OF REGISTRATION:
REGISTRATION NO.:
EXPIRES (DATE):

SHORT TITLE:
LNV Corporation vs Kelly L. Randle, Fred Mitchell

| FORM INTERROGATORIES—UNLAWFUL DETAINER | CASE NUMBER: |
|---|---|
| **Asking Party:** Kelly L. Randle, Fred Mitchell<br>**Answering Party:** LNV Corporation<br>**Set No.:** 1 | HEC 1301601 |

**Sec. 1. Instructions to All Parties**

(a) These are general instructions. For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(b) These interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use in unlawful detainer proceedings.

(b) There are restrictions that generally limit the number of interrogatories that may be asked and the form and use of the interrogatories. For details, read Code of Civil Procedure sections 2030.030–2030.070.

(c) In determining whether to use these or any interrogatories, you should be aware that abuse can be punished by sanctions, including fines and attorney fees. See Code of Civil Procedure section 128.7.

(d) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party. Failure to respond to these interrogatories properly can be punished by sanctions, including contempt proceedings, fine, attorneys fees, and the loss of your case. See Code of Civil Procedure sections 128.7 and 2030.300.

(b) As a general rule, within five days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form *at the end of your answers:*

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____ _____
(DATE) (SIGNATURE)

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(b) **PLAINTIFF** includes any **PERSON** who seeks recovery of the **RENTAL UNIT** whether acting as an individual or on someone else's behalf and includes all such **PERSONS** if more than one.

Form Approved for Optional Use<br>Judicial Council of California<br>DISC-003/UD-106 [Rev. January 1, 2009]

**FORM INTERROGATORIES—UNLAWFUL DETAINER**

Code of Civil Procedure,<br>§§ 2030.010-2030.410, 2033.710<br>www.courtinfo.ca.gov

56

DISC-003/UD-106

(c) **LANDLORD** includes any **PERSON** who offered the **RENTAL UNIT** for rent and any **PERSON** on whose behalf the **RENTAL UNIT** was offered for rent and their successors in interest. **LANDLORD** includes all **PERSONS** who managed the **PROPERTY** while defendant was in possession.

(d) **RENTAL UNIT** is the premises **PLAINTIFF** seeks to recover.

(e) **PROPERTY** is the building or parcel (including common areas) of which the **RENTAL UNIT** is a part. (For example, if **PLAINTIFF** is seeking to recover possession of apartment number 12 of a 20-unit building, the building is the **PROPERTY** and apartment 12 is the **RENTAL UNIT**. If **PLAINTIFF** seeks possession of cottage number 3 in a five-cottage court or complex, the court or complex is the **PROPERTY** and cottage 3 is the **RENTAL UNIT**.)

(f) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(g) **NOTICE TO QUIT** includes the original or copy of any notice mentioned in Code of Civil Procedure section 1161 or Civil Code section 1946, including a 3-day notice to pay rent and quit the **RENTAL UNIT**, a 3-day notice to perform conditions or covenants or quit, a 3-day notice to quit, and a 30-day notice of termination.

(h) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under section 2033.710 of the Code of Civil Procedure for use in unlawful detainer proceedings:

**CONTENTS**

70.0 General
71.0 Notice
72.0 Service
73.0 Malicious Holding Over
74.0 Rent Control and Eviction Control
75.0 Breach of Warranty to Provide Habitable
    Premises
76.0 Waiver, Change, Withdrawal, or Cancellation
    of Notice to Quit
77.0 Retaliation and Arbitrary Discrimination
78.0 Nonperformance of the Rental Agreement
    by Landlord
79.0 Offer of Rent by Defendant
80.0 Deduction from Rent for Necessary Repairs
81.0 Fair Market Rental Value

**70.0 General**

*[Either party may ask any applicable question in this section.]*

☑ 70.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

☑ 70.2 Is **PLAINTIFF** an owner of the **RENTAL UNIT**? If so, state:
(a) the nature and percentage of ownership interest;
(b) the date **PLAINTIFF** first acquired this ownership interest.

☑ 70.3 Does **PLAINTIFF** share ownership or lack ownership? If so, state the name, the **ADDRESS**, and the nature and percentage of ownership interest of each owner.

☑ 70.4 Does **PLAINTIFF** claim the right to possession other than as an owner of the **RENTAL UNIT**? If so, state the basis of the claim.

☑ 70.5 Has **PLAINTIFF'S** interest in the **RENTAL UNIT** changed since acquisition? If so, state the nature and dates of each change.

☑ 70.6 Are there other rental units on the **PROPERTY**? If so, state how many.

☑ 70.7 During the 12 months before this proceeding was filed, did **PLAINTIFF** possess a permit or certificate of occupancy for the **RENTAL UNIT**? If so, for each state:
(a) the name and **ADDRESS** of each **PERSON** named on the permit or certificate;
(b) the dates of issuance and expiration;
(c) the permit or certificate number

☑ 70.8 Has a last month's rent, security deposit, cleaning fee, rental agency fee, credit check fee, key deposit, or any other deposit been paid on the **RENTAL UNIT**? If so, for each item state:
(a) the purpose of the payment;
(b) the date paid;
(c) the amount;
(d) the form of payment;
(e) the name of the **PERSON** paying;
(f) the name of the **PERSON** to whom it was paid;
(g) any **DOCUMENT** which evidences payment and the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(h) any adjustments or deductions including facts.

☑ 70.9 State the date defendant first took possession of the **RENTAL UNIT**.

☑ 70.10 State the date and all the terms of any rental agreement between defendant and the **PERSON** who rented to defendant.

☑ 70.11 For each agreement alleged in the pleadings:
(a) identify all **DOCUMENTS** that are part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence each part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of each modification to the agreement, and for each state

DISC-003/UD-106

the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT** (see also §71.5);

(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of the **PERSON** agreeing to the modification, and the date the modification was made (see also §71.5).

(f) identify all **DOCUMENTS** that evidence each modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT** (see also §71.5).

[✓] 70.12 Has any **PERSON** acting on the **PLAINTIFF'S** behalf been responsible for any aspect of managing or maintaining the **RENTAL UNIT** or **PROPERTY**? If so, for each **PERSON** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the dates the **PERSON** managed or maintained the **RENTAL UNIT** or **PROPERTY**;
(c) the **PERSON'S** responsibilities.

[✓] 70.13 For each **PERSON** who occupies any part of the **RENTAL UNIT** (except occupants named in the complaint and occupants' children under 17) state:
(a) the name, **ADDRESS**, telephone number, and birthdate;
(b) the inclusive dates of occupancy;
(c) a description of the portion of the **RENTAL UNIT** occupied;
(d) the amount paid, the term for which it was paid, and the person to whom it was paid;
(e) the nature of the use of the **RENTAL UNIT**;
(f) the name, **ADDRESS**, and telephone number of the person who authorized occupancy;
(g) how occupancy was authorized, including failure of the **LANDLORD** or **PLAINTIFF** to protest after discovering the occupancy.

[✓] 70.14 Have you or anyone acting on your behalf obtained any **DOCUMENT** concerning the tenancy between any occupant of the **RENTAL UNIT** and any **PERSON** with an ownership interest or managerial responsibility for the **RENTAL UNIT**? If so, for each **DOCUMENT** state:
(a) the name, **ADDRESS**, and telephone number of each individual from whom the **DOCUMENT** was obtained;
(b) the name, **ADDRESS**, and telephone number of each individual who obtained the **DOCUMENT**;
(c) the date the **DOCUMENT** was obtained;
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT** (original or copy).

70.0 Notice

*[If a defense is based on allegations that the 3-day notice or 30- day **NOTICE TO QUIT** is defective in form or content, then either party may ask any applicable question in this section.]*

[✓] 71.1 Was the **NOTICE TO QUIT** on which **PLAINTIFF** bases this proceeding attached to the complaint? If not, state the contents of this notice.

[✓] 71.2 State all reasons that the **NOTICE TO QUIT** was served and for each reason:
(a) state all facts supporting **PLAINTIFF'S** decision to terminate defendant's tenancy;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

[✓] 71.3 List all rent payments and rent credits made or claimed by or on behalf of defendant beginning 12 months before the **NOTICE TO QUIT** was served. For each payment or credit state:
(a) the amount;
(b) the date received;
(c) the form in which any payment was made;
(d) the services performed or other basis for which a credit is claimed;
(e) the period covered;
(f) the name of each **PERSON** making the payment or earning the credit;
(g) the identity of all **DOCUMENTS** evidencing the payment or credit and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

[✓] 71.4 Did defendant ever fail to pay the rent on time? If so, for each late payment state:
(a) the date;
(b) the amount of any late charge;
(c) the identity of all **DOCUMENTS** recording the payment and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

[✓] 71.5 Since the beginning of defendant's tenancy, has **PLAINTIFF** ever raised the rent? If so, for each rent increase state:
(a) the date the increase became effective;
(b) the amount;
(c) the reasons for the rent increase;
(d) how and when defendant was notified of the increase;
(e) the identity of all **DOCUMENTS** evidencing the increase and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

*[See also section 70.11 (d) - (f).]*

[✓] 71.6 During the 12 months before the **NOTICE TO QUIT** was served was there a period during which there was no permit or certificate of occupancy for the **RENTAL UNIT**? If so, for each period state:
(a) the inclusive dates;
(b) the reasons.

[✓] 71.7 Has any **PERSON** ever reported any nuisance or disturbance at or destruction of the **RENTAL UNIT** or **PROPERTY** caused by defendant or other occupant of the **RENTAL UNIT** or their guests? If so, for each report state:
(a) a description of the disturbance or destruction;
(b) the date of the report;
(c) the name of the **PERSON** who reported;
(d) the name of the **PERSON** to whom the report was made;
(e) what action was taken as a result of the report;
(f) the identity of all **DOCUMENTS** evidencing the report and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

DISC-003/UD-106

☑ **71.8** Does the complaint allege violation of a term of a rental agreement or lease (other than nonpayment of rent)? If so, for each covenant:
(a) identify the covenant breached;
(b) state the facts supporting the allegation of a breach;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(d) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT.**

☑ **71.9** Does the complaint allege that the defendant has been using the **RENTAL UNIT** for an illegal purpose? If so, for each purpose:
(a) identify the illegal purpose;
(b) state the facts supporting the allegations of illegal use;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(d) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT.**

*[Additional interrogatories on this subject may be found in sections 75.0, 78.0, 79.0, and 80.0.]*

**72.0 Service**

*[If a defense is based on allegations that the **NOTICE TO QUIT** was defectively served, then either party may ask any applicable question in this section.]*

☑ **72.1** Does defendant contend (or base a defense or make any allegations) that the **NOTICE TO QUIT** was defectively served? If the answer is "no", do not answer interrogatories 72.2 through 72.3.

☑ **72.2** Does **PLAINTIFF** contend that the **NOTICE TO QUIT** referred to in the complaint was served? If so, state:
(a) the kind of notice;
(b) the date and time of service;
(c) the manner of service;
(d) the name and **ADDRESS** of the person who served it;
(e) a description of any **DOCUMENT** or conversation between defendant and the person who served the notice.

☑ **72.3** Did any person receive the **NOTICE TO QUIT** referred to in the complaint? If so, for each copy of each notice state:
(a) the name of the person who received it;
(b) the kind of notice;
(c) how it was delivered;
(d) the date received;
(e) where it was delivered;
(f) the identity of all **DOCUMENTS** evidencing the notice and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT.**

**73.0 Malicious Holding Over**

*[If a defendant denies allegations that defendant's continued possession is malicious, then either party may ask any applicable question in this section. Additional questions in section 75.0 may also be applicable.]*

☑ **73.1** If any rent called for by the rental agreement is unpaid, state the reasons and the facts upon which the reasons are based.

☑ **73.2** Has defendant made attempts to secure other premises since the service of the **NOTICE TO QUIT** or since the service of the summons and complaint? If so, for each attempt:
(a) state all facts indicating the attempt to secure other premises;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT.**

☑ **73.3** State the facts upon which **PLAINTIFF** bases the allegation of malice.

**74.0 Rent Control and Eviction Control**

☑ **74.1** Is there an ordinance or other local law in this jurisdiction which limits the right to evict tenants? If your answer is no, you need not answer sections 74.2 through 74.6.

☑ **74.2** For the ordinance or other local law limiting the right to evict tenants, state:
(a) the title or number of the law;
(b) the locality.

☑ **74.3** Do you contend that the **RENTAL UNIT** is exempt from the eviction provisions of the ordinance or other local law identified in section 74.2? If so, state the facts upon which you base your contention.

☑ **74.4** Is this proceeding based on allegations of a need to recover the **RENTAL UNIT** for use of the **LANDLORD** or the landlord's relative? If so, for each intended occupant state:
(a) the name;
(b) the residence **ADDRESSES** from three years ago to the present;
(c) the relationship to the **LANDLORD**;
(d) all the intended occupant's reasons for occupancy;
(e) all rental units on the **PROPERTY** that were vacated within 60 days before and after the date the **NOTICE TO QUIT** was served.

☑ **74.5** Is the proceeding based on an allegation that the **LANDLORD** wishes to remove the **RENTAL UNIT** from residential use temporarily or permanently (for example, to rehabilitate, demolish, renovate, or convert)? If so, state:
(a) each reason for removing the **RENTAL UNIT** from residential use;
(b) what physical changes and renovation will be made to the **RENTAL UNIT**;
(c) the date the work is to begin and end;
(d) the number, date, and type of each permit for the change or work;

(e)  the identity of each **DOCUMENT** evidencing the in-
tended activity (for example, blueprints, plans, ap-
plications for financing, construction contracts) and
the name, **ADDRESS**, and telephone number of
each PERSON who has each **DOCUMENT**.

[✓]  74.6 Is the proceeding based on any ground other than
those stated in sections 74.4 and 74.5? If so, for each:
(a)  state each fact supporting or opposing the ground;
(b)  state the names, **ADDRESSES**, and telephone
numbers of all **PERSONS** who have knowledge of
the facts;
(c)  identify all **DOCUMENTS** evidencing the facts and
state the name, **ADDRESS**, and telephone number
of each **PERSON** who has each **DOCUMENT**.

75.0  Breach of Warranty to Provide Habitable Premises

*[If plaintiff alleges nonpayment of rent and defendant bases
his defense on allegations of implied or express breach of
warranty to provide habitable residential premises, then
either party may ask any applicable question in this section.]*

[✓]  75.1 Do you know of any conditions in violation of state or
local building codes, housing codes, or health codes,
conditions of dilapidation, or other conditions in need
of repair in the **RENTAL UNIT** or on the **PROPERTY** that
affected the **RENTAL UNIT** at any time defendant has
been in possession? If so, state:
(a)  the type of condition;
(b)  the kind of corrections or repairs needed;
(c)  how and when you learned of these conditions;
(d)  how these conditions were caused;
(e)  the name, **ADDRESS**, and telephone number of
each **PERSON** who has caused these conditions.

[✓]  75.2 Have any corrections, repairs, or improvements
been made to the **RENTAL UNIT** since the **RENTAL
UNIT** was rented to defendant? If so, for each correc-
tion, repair, or improvement state:
(a)  a description giving the nature and location;
(b)  the date;
(c)  the name, **ADDRESS**, and telephone number of
each **PERSON** who made the repairs or
improvements;
(d)  the cost;
(e)  the identity of any **DOCUMENT** evidencing the
repairs or improvements;
(f)  if a building permit was issued, state the issuing
agencies and the permit number of your copy.

[✓]  75.3 Did defendant or any other **PERSON** during 36
months before the **NOTICE TO QUIT** was served or dur-
ing defendant's possession of the **RENTAL UNIT** notify
the **LANDLORD** or his agent or employee about the con-
dition of the **RENTAL UNIT** or **PROPERTY**? If so, for
each written or oral notice state:
(a)  the substance;
(b)  who made it;
(c)  when and how it was made;
(d)  the name and **ADDRESS** of each **PERSON** to whom
it was made;
(e)  the name and **ADDRESS** of each person who
knows about it;
(f)  the identity of each **DOCUMENT** evidencing the
notice and the name, **ADDRESS**, and telephone
number of each **PERSON** who has it;

(g)  the response made to the notice;
(h)  the efforts made to correct the conditions;
( i )  whether the **PERSON** who gave notice was an oc-
cupant of the **PROPERTY** at the time of the
complaint.

[✓]  75.4 During the period beginning 36 months before the
**NOTICE TO QUIT** was served to the present, was the
**RENTAL UNIT** or **PROPERTY** (including other rental
units) inspected for dilapidations or defective conditions
by a representative of any governmental agency? If so,
for each inspection state:
(a)  the date;
(b)  the reason;
(c)  the name of the governmental agency;
(d)  the name, **ADDRESS**, and telephone number of
each inspector;
(e)  the identity of each **DOCUMENT** evidencing each
inspection and the name, **ADDRESS**, and telephone
number of each **PERSON** who has it.

[✓]  75.5 During the period beginning 36 months before the
**NOTICE TO QUIT** was served to the present, did
**PLAINTIFF** or **LANDLORD** receive a notice or other com-
munication regarding the condition of the **RENTAL UNIT**
or **PROPERTY** (including other rental units) from a
governmental agency? If so, for each notice or com-
munication state:
(a)  the date received;
(b)  the identity of all parties;
(c)  the substance of the notice or communication;
(d)  the identity of each **DOCUMENT** evidencing the
notice or communication and the name, **ADDRESS**,
and telephone number of each **PERSON** who has it.

[✓]  75.6 Was there any corrective action taken in response
to the inspection or notice or communication identified
in sections 75.4 and 75.5? If so, for each:
(a)  identify the notice or communication;
(b)  identify the condition;
(c)  describe the corrective action;
(d)  identify each **DOCUMENT** evidencing the correc-
tive action and the name, **ADDRESS**, and telephone
number of each **PERSON** who has it.

[✓]  75.7 Has the **PROPERTY** been appraised for sale or
loan during the period beginning 36 months before the
**NOTICE TO QUIT** was served to the present? If so, for
each appraisal state:
(a)  the date;
(b)  the name, **ADDRESS**, and telephone number of the
appraiser;
(c)  the purpose of the appraisal;
(d)  the identity of each **DOCUMENT** evidencing the ap-
praisal and the name, **ADDRESS**, and telephone
number of each **PERSON** who has it.

[✓]  75.8 Was any condition requiring repair or correction
at the **PROPERTY** or **RENTAL UNIT** caused by defen-
dant or other occupant of the **RENTAL UNIT** or their
guests? If so, state:
(a)  the type and location of condition;
(b)  the kind of corrections or repairs needed;
(c)  how and when you learned of these conditions;
(d)  how and when these conditions were caused;
(e)  the name, **ADDRESS**, and telephone number of
each **PERSON** who caused these conditions;



DISC-003/UD-106

(f) the identity of each **DOCUMENT** evidencing the repair (or correction) and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

*[See also section 71.0 for additional questions.]*

76.0  Waiver, Change, Withdrawal, or Cancellation of Notice to Quit

*[If a defense is based on waiver, change, withdrawal, or cancellation of the NOTICE TO QUIT, then either party may ask any applicable question in this section.]*

☑ 76.1 Did the **PLAINTIFF or LANDLORD** or anyone acting on his or her behalf do anything which is alleged to have been a waiver, change, withdrawal, or cancellation of the **NOTICE TO QUIT**? If so:
(a) state the facts supporting this allegation;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of these facts;
(c) identify each **DOCUMENT** that supports the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 76.2 Did the **PLAINTIFF** or **LANDLORD** accept rent which covered a period after the date for vacating the **RENTAL UNIT** as specified in the **NOTICE TO QUIT**? If so:
(a) state the facts;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify each **DOCUMENT** that supports the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

77.0  Retaliation and Arbitrary Discrimination

*[If a defense is based on retaliation or arbitrary discrimination, then either party may ask any applicable question in this section.]*

☑ 77.1 State all reasons that the **NOTICE TO QUIT** was served or that defendant's tenancy was not renewed and for each reason:
(a) state all facts supporting **PLAINTIFF'S** decision to terminate or not renew defendant's tenancy;
(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts;
(c) identify all **DOCUMENTS** that support the facts and state the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

78.0  Nonperformance of the Rental Agreement by Landlord

*[If a defense is based on nonperformance of the rental agreement by the LANDLORD or someone acting on the LANDLORD'S behalf, then either party may ask any applicable question in this section.]*

☑ 78.1 Did the **LANDLORD** or anyone acting on the **LANDLORD'S** behalf agree to make repairs, alterations, or improvements at any time or provide services to the **PROPERTY** or **RENTAL UNIT**? If so, for each agreement state:
(a) the substance of the agreement;

(b) when it was made;
(c) whether it was written or oral;
(d) by whom and to whom;
(e) the name and **ADDRESS** of each person who knows about it;
(f) whether all promised repairs, alterations, or improvements were completed or services provided;
(g) the reasons for any failure to perform;
(h) the identity of each **DOCUMENT** evidencing the agreement or promise and the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☑ 78.2 Has **PLAINTIFF** or **LANDLORD** or any resident of the **PROPERTY** ever committed disturbances or interfered with the quiet enjoyment of the **RENTAL UNIT** (including, for example, noise, acts which threaten the loss of title to the property or loss of financing, etc.)? If so, for each disturbance or interference, state:
(a) a description of each act;
(b) the date of each act;
(c) the name, **ADDRESS**, and telephone number of each **PERSON** who acted;
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed each act and any **DOCUMENTS** evidencing the person's knowledge;
(e) what action was taken by the **PLAINTIFF** or **LANDLORD** to end or lessen the disturbance or interference.

79.0  Offer of Rent by Defendant

*[If a defense is based on an offer of rent by a defendant which was refused, then either party may ask any applicable question in this section.]*

☑ 79.1 Has defendant or anyone acting on the defendant's behalf offered any payments to **PLAINTIFF** which **PLAINTIFF** refused to accept? If so, for each offer state:
(a) the amount;
(b) the date;
(c) purpose of offer;
(d) the manner of the offer;
(e) the identity of the person making the offer;
(f) the identity of the person refusing the offer;
(g) the date of the refusal;
(h) the reasons for the refusal.

80.0  Deduction from Rent for Necessary Repairs

*[If a defense to payment of rent or damages is based on claim of retaliatory eviction, then either party may ask any applicable question in this section. Additional questions in section 75.0 may also be applicable.]*

☑ 80.1 Does defendant claim to have deducted from rent any amount which was withheld to make repairs after communication to the **LANDLORD** of the need for the repairs? If the answer is "no", do not answer interrogatories 80.2 through 80.6.

☑ 80.2 For each condition in need of repair for which a deduction was made, state:
(a) the nature of the condition;
(b) the location;
(c) the date the condition was discovered by defendant;
(d) the date the condition was first known by **LANDLORD** or **PLAINTIFF**;

61

DISC-003/UD-106

(e) the dates and methods of each notice to the **LANDLORD** or **PLAINTIFF** of the condition;

(f) the response or action taken by the **LANDLORD** or **PLAINTIFF** to each notification;

(g) the cost to remedy the condition and how the cost was determined;

(h) the identity of any bids obtained for the repairs and any **DOCUMENTS** evidencing the bids.

[✓] **80.3** Did **LANDLORD** or **PLAINTIFF** fail to respond within a reasonable time after receiving a communication of a need for repair? If so, for each communication state:

(a) the date it was made;

(b) how it was made;

(c) the response and date;

(d) why the delay was unreasonable.

[✓] **80.4** Was there an insufficient period specified or actually allowed between the time of notification and the time repairs were begun by defendant to allow **LANDLORD** or **PLAINTIFF** to make the repairs? If so, state all facts on which the claim of insufficiency is based.

[✓] **80.5** Does **PLAINTIFF** contend that any of the items for which rent deductions were taken were not allowable under law? If so, for each item state all reasons and facts on which you base your contention.

[✓] **80.6** Has defendant vacated or does defendant anticipate vacating the **RENTAL UNIT** because repairs were requested and not made within a reasonable time? If so, state all facts on which defendant justifies having vacated the RENTAL UNIT or anticipates vacating the rental unit.

**81.0  Fair Market Rental Value**

*[If defendant denies **PLAINTIFF** allegation on the fair market rental value of the **RENTAL UNIT**, then either party may ask any applicable question in this section. If defendant claims that the fair market rental value is less because of a breach of warranty to provide habitable premises, then either party may also ask any applicable question in section 75.0.]*

[✓] **81.1** Do you have an opinion on the fair market rental value of the **RENTAL UNIT**? If so, state:

(a) the substance of your opinion;

(b) the factors upon which the fair market rental value is based;

(c) the method used to calculate the fair market rental value.

[✓] **81.2** Has any other **PERSON** ever expressed to you an opinion on the fair market rental value of the **RENTAL UNIT**? If so, for each **PERSON**:

(a) state the name, **ADDRESS**, and telephone number;

(b) state the substance of the **PERSON'S** opinion;

(c) describe the conversation or identify all **DOCUMENTS** in which the **PERSON** expressed an opinion and state the name, **ADDRESS**, and telephone number of each **PERSON** who has each **DOCUMENT**.

[✓] **81.3** Do you know of any current violations of state or local building codes, housing codes, or health codes, conditions of delapidation or other conditions in need of repair in the **RENTAL UNIT** or common areas that have affected the **RENTAL UNIT** at any time defendant has been in possession? If so, state:

(a) the conditions in need of repair;

(b) the kind of repairs needed;

(c) the name, ADDRESS, and telephone number of each PERSON who caused these conditions.

**FORM INTERROGATORIES—UNLAWFUL DETAINER**

62

1   **MILES, BAUER, BERGSTROM & WINTERS, LLP**
    Hadi R. Seyed-Ali, Esq., Bar No. 254888
2   1231 E. Dyer Road, Suite 100 (RANDLE / 13-30360)
    Santa Ana, CA  92705
3   Phone: (714) 481-9100
    Facsimile: (714) 481-9151
4
    Attorneys for Plaintiff,
5   LNV CORPORATION

6

7             SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                FOR THE COUNTY OF RIVERSIDE

9                     HEMET COURT

10

| | |
|---|---|
| 11   LNV CORPORATION, | CASE NO.:  HEC1301601 |
| 12           Plaintiff(s), | |
| 13      vs. | **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES – UNLAWFUL DETAINER** |
| 14   KELLY L. RANDLE and DOES I through X, Inclusive, | **[SET NO. ONE]** |
| 15         Defendant. | ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 1161a |
| 16 | |
| 17 | [THE DEMAND DOES NOT EXCEED $10,000] |

18

19   PROPOUNDING PARTY:      Defendants KELLY L. RANDLE and FRED MITCHELL

20   RESPONDING PARTY:       Plaintiff LNV CORPORATION

21   SET NO.:              One (1)

22        Plaintiff LNV CORPORATION hereby responds to the Form Interrogatories, Set One,

23   propounded by Defendants KELLY L. RANDLE and FRED MITCHELL as follows:

24

**GENERAL OBJECTIONS**

Responding Party generally objects to the Form Interrogatories to the extent that the requests would require the responding party to disclose information which is legally protected by one or more of the evidentiary privileges recognized under California law, including the attorney-client privilege and the attorney work product doctrine.  Accordingly, to the extent that the Form Interrogatories calls for disclosure of protected information, a continuing objection to each and every such request is hereby imposed.  Responding Party further and generally objects to the Form Interrogatories to the extent that they seek information that is equally available to the propounding party.

Notwithstanding and without waiving the foregoing objections, respondent, in good faith, has intended to supply, wherever possible, responsive information in answer to the propounding party's request, and will make assumptions wherever necessary to attempt to understand the intent of certain requests.  In this regard, all responses made herein are based upon information presently known to the respondent, its representatives, agents, and attorneys of record, after reasonable investigation.

Responding Party is in the initial stages of its investigation and discovery.  It anticipates that, during the course of its continued investigation and discovery, further pertinent information may be found.  As such, responding party reserves the right to introduce into evidence, and/or rely upon at trial or any other preliminary hearing set in this action, on facts and information omitted from the following responses, whether as a result of mistake, error or oversight, or because such information has not yet been discovered or recognized.

Responding Party further reserves all rights and objections asserted herein, with respect to the propriety, scope and related aspects of this or other discovery.

The foregoing general objections are incorporated into each and every response set forth below.

## RESPONSES TO FORM INTERROGATORIES

70.1:  Hadi R. Seyed-Ali, Esq., Miles, Bauer, Bergstrom & Winters, LLP, 1231 E. Dyer Road, #100, Santa Ana, CA 92705, 714-481-9100, attorneys for Responding Party.

70.2:  Yes, but the property Plaintiff is seeking to recover is not a rental unit and is the property occupied by the former owner/Defendant.  Plaintiff objects to the term "RENTAL UNIT" as used in these interrogatories to describe the subject property at issue.

70.2(a):  Sole owner.

70.2(b):  April 2, 2013.

70.3:  No.

70.4:  No.

70.5:  No.

70.6:  No.

70.7:  No.

70.8:  No.

70.9:  Responding Party does not know when Defendants first took possession.  This information is equally available to the Propounding Party.

70.10:  Responding Party is unable to answer this interrogatory; Defendants should have knowledge of their own alleged tenancy.

70.11:  Objection: See the Deed of Trust and Trustee's Deed Upon Sale on record, which is equally available to Propounding Party at the Riverside County Clerk-Recorder's Office.  The Trustee's Deed Upon Sale is attached to Responding Party's Complaint as an exhibit.

70.12: Yes.

70.12(a):  Christine Diaz, 11633 Black Hawk Lane, Moreno Valley CA 92557; (951) 318-2862;

70.12(b):  On or about April 15, 2013 to present;

70.12(c):  Inspect occupancy status and market property when vacant.

70.13:  Responding Party is unable to answer this interrogatory; Defendants should have knowledge of who occupies the subject property.

-3-

1  70.14:  Yes.

2  70.14 (a):  Kelly L. Randle and Fred Mitchell, 1579 Cedarspring Drive, Hemet, CA 92545, (951)

3  925-8470;

4  70.14 (b):  Hadi R. Seyed-Ali, Esq., 1231 East Dyer Road, #100, Santa Ana, CA 92705, (714)

5  481-9100;

6  70.14 (c):  April 22, 2013;

7  70.14 (d):  Same as (a) and (b) listed above.

8  71.1:  Objection:  This question is not applicable and will not be answered as no defense has

9  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

   content.

10  71.2:  Objection:  This question is not applicable and will not be answered as no defense has

11  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

12  content.

13  71.3:  Objection:  This question is not applicable and will not be answered as no defense has

14  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

15  content.

16  71.4:  Objection:  This question is not applicable and will not be answered as no defense has

17  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

    content.

18  71.4:  Objection:  This question is not applicable and will not be answered as no defense has

19  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

20  content.

21  71.5:  Objection:  This question is not applicable and will not be answered as no defense has

22  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

23  content.

24

-4-

1   71.6: Objection: This question is not applicable and will not be answered as no defense has

2   been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

3   content.

4   71.7: Objection: This question is not applicable and will not be answered as no defense has

5   been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

6   content.

7   71.8: Objection: This question is not applicable and will not be answered as no defense has

8   been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

    content.

9   71.9: Objection: This question is not applicable and will not be answered as no defense has

10  been made by Propounding Party asserting that the 3 Day Notice to Quit is defective in form or

11  content.

12  72.1: Objection: This question is not applicable and will not be answered as no defense has

13  been made by Propounding Party asserting that the 3 Day Notice to Quit was defectively served.

14  72.2: Objection: This question is not applicable and will not be answered as no defense has

15  been made by Propounding Party asserting that the 3 Day Notice to Quit was defectively served.

16  72.3: Objection: This question is not applicable and will not be answered as no defense has

    been made by Propounding Party asserting that the 3 Day Notice to Quit was defectively served.

17  73.1: Objection: This question is not applicable and will not be answered as no defense has

18  been made by Propounding Party asserting that their continued possession is not malicious.

19  73.2: Objection: This question is not applicable and will not be answered as no defense has

20  been made by Propounding Party asserting that their continued possession is not malicious.

21  73.3: Objection: This question is not applicable and will not be answered as no defense has

22  been made by Propounding Party asserting that their continued possession is not malicious.

    74.1: No.

23  74.2: Not applicable.

24  74.3: Not applicable.

PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES – UNLAWFUL DETAINER [SET NO. ONE]

74.4:  No.

74.5:  No.

74.6:  Plaintiff acquired title to the property at a Trustee's Sale on April 2, 2013, that was held in accordance with California Civil Code §2924 et. seq.  A Trustee's Deed Upon Sale was then recorded on April 5, 2013, in the Office of the County Recorder of Riverside County, California.

75.1:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

75.2:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

75.3:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

75.4:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

75.5:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

75.6:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

75.7:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES – UNLAWFUL DETAINER [SET NO. ONE]

75.8:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting a breach of warranty of habitable premises and Responding Party has made no allegation of nonpayment of rent in its Complaint.

76.1:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting that the Notice to Quit was waived, changed, or withdrawn.

76.2:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting that the Notice to Quit was waived, changed, or withdrawn.

77.1:  Objection:  Not applicable as a rental agreement does not exist between Responding Party and Propounding Party.  However, without waiving said objections, Plaintiff responds as follows:  The Notice to Quit was served due to a post-foreclosure eviction.  Plaintiff acquired title to the property at a trustee's sale conducted in accordance with California law.

78.1:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting nonperformance of the rental agreement by the landlord or someone acting on the landlord's behalf.

78.2:  Objection:  This question is not applicable and will not be answered as no defense has been made by Propounding Party asserting nonperformance of the rental agreement by the landlord or someone acting on the landlord's behalf.

79.1:  Objection:  This question is not applicable and will not be answered as there is no defense by Propounding Party based on an offer of rent by a Defendant which was refused.

80.1:  Objection:  This request pertains to a landlord-tenant eviction and the case at issue is a post-foreclosure eviction. The information sought is not relevant and immaterial to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

80.2:  Objection:  This request pertains to a landlord-tenant eviction and the case at issue is a post-foreclosure eviction. The information sought is not relevant and immaterial to the subject

-7-

matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

80.3:  Objection:  This request pertains to a landlord-tenant eviction and the case at issue is a post-foreclosure eviction. The information sought is not relevant and immaterial to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

80.4:  Objection:  This request pertains to a landlord-tenant eviction and the case at issue is a post-foreclosure eviction. The information sought is not relevant and immaterial to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

80.5:  Objection:  This request pertains to a landlord-tenant eviction and the case at issue is a post-foreclosure eviction. The information sought is not relevant and immaterial to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

80.6:  Objection:  This request pertains to a landlord-tenant eviction and the case at issue is a post-foreclosure eviction. The information sought is not relevant and immaterial to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.

81.1:  Yes.

81.1(a):  $74.00 per day based on the amount of the previous monthly mortgage payment.

81.1(b):  Same as 81.1(a) above.

81.1(c):  Same as 81.1(a) above.

81.2:  No.

81.3: No.

Dated: June 14, 2013                    MILES, BAUER, BERGSTROM & WINTERS, LLP

                                        Hadi R. Seyed-Ali, Esq.
                                        Attorneys for Plaintiff

-8-

1

VERIFICATION

2    I,  _Melissa Sassine_  , am a duly authorized representative of the Plaintiff

3  in the above-entitled action.  I am authorized to make this Verification on its behalf.

4    I have read the foregoing **PLAINTIFF'S RESPONSES TO FORM**

5  **INTERROGATORIES – UNLAWFUL DETAINER [SET NO. ONE]**

6    and I know the contents thereof.  The same is true of my own knowledge, except as to

7  those matters stated on information and belief, and as to those matters, I believe them to be true.

8    I declare under penalty of perjury under the laws of the State of California that the

9  foregoing is true and correct.  This Verification was executed on _June 20_ , 2013 at

10  _Plano_ (city), _Texas_ (state).

11

12

13    By: _____Melissa Sassine_____

14    Authorized Signatory

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA,**    }
                            } SS.
**COUNTY OF ORANGE**        }

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1231 East Dyer Road, Suite 100, Santa Ana, California 92705.

    On **June 21, 2013**, I served within **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES – UNLAWFUL DETAINER [SET NO. ONE]** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via overnight delivery (FedEx) at Santa Ana, California, addressed as follows:

**Kelly Randle**
**Fred Mitchell**
**1579 Cedarspring Drive**
**Hemet, CA  92545**

    I certify that I am employed in the office of a member of the Bar at whose direction this service was given.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on **June 21, 2013,** at Santa Ana, California.

_____
**Anna Esbri**

-1-

KELLY RANDLE
FRED MITCHELL
1579 CEDARSPRING DR
HEMET, CA 92545
(951) 306-2944_(Phone)

*Defendants/In Pro Per*

UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| LNV CORPORATION; <br>      Plaintiff, <br>      vs. <br> KELLY L. RANDLE, <br> FRED MITCHELL, and Does 1 through X inclusive <br>      Defendant(s). | Case No. _____ <br><br> [Riverside County Court Case No.: HEC1301601] <br><br> **PROOF OF SERVICE BY MAIL** |

## PROOF OF SERVICE BY MAIL

I, Sandy Cavoulas declare as follows; my address is 335 Cerceli Way, Hemet, CA 92545 which is located in the County where the mailing took place.  On **November 26, 2013**, I served the following documents described as;

    1)  Notice of Removal

    on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first class postage prepaid thereon and deposited said envelope in the U.S. Mail at, or in, Hemet, CA., addressed to:

        LNV CORPORATION
        C/O MILES, BAURER, BERGSTROM & WILLERS LLP
        1231 East Dyer Road, Suite 100
        Santa Ana, CA 92705
        (714) 481-9100 Office No. / (714) 481-9151 Fax No.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 26, 2013** at Hemet, CA

Sandy Cavoulas/Declarant

---

Page | 1 of 1
**PROOF OF SERVICE BY MAIL**



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

LNV CORPORATION

**DEFENDANTS** ( Check box if you are representing yourself ☒ )

Kelly L. Randle
Fred Mitchell

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Miles, Baurer, Bergstrom & Willers, LLP
1231 East Dyer Road, Suite 100
Santa Ana, CA 92705

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Kelly Randle / Fred Mitchell
1579 Cedar Spring Dr
Hemet, CA 92545

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 95,540

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Consumer Credit Protection Act (15 U.S.C. 1601 et seq.) [Fair Debt Collection Practices Act]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   ED CV 13 - 02180   JGB (CWx)

NOV 26 2013

CV-71 (09/13)                 CIVIL COVER SHEET                 Page 1 of 3



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | [ ] Orange | Southern |
|  | [X] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
|  | A PLAINTIFF? | A DEFENDANT? |  |
| [ ] Yes  [X] No | Then check the box below for the county in which the majority of DEFENDANTS reside. | Then check the box below for the county in which the majority of PLAINTIFFS reside. |  |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
|  | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | [ ] Orange | [ ] Orange | Southern |
|  | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
|  | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [X] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the **SOUTHERN DIVISION.** Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the **EASTERN DIVISION.** Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right.  ➡ | If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | EASTERN DIVISION |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☐ NO   ☒ YES

If yes, list case number(s):   HEC 1301601

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):   **ED CV13-01584 VAP (SPX), ED CV13-00763 MRP (OPX), ED CV 13-01198 JGB (DTBX)**

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   DATE: **November 26, 2013**

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Jesus G. Bernal _____ and the assigned Magistrate Judge is _____ Carla Woehrle _____ .

The case number on all documents filed with the Court should read as follows:

### EDCV13-02180 JGB (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

___ November 26, 2013 ___
Date

By  L. Murray _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐  Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐  Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☒  Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**